Benjamin F. RAYBORN, Plaintiff-Appellant,

v.

William JONES, Warden, Kentucky State Penitentiary, Defendant-Appellee.

No. 14090.

United States Court of Appeals
Sixth Circuit.
Aug. 15, 1960.

See also 6 Cir., 251 F.2d 950.

Benjamin F. Rayborn, in pro. per.

William E. Biven, Frankfort, Ky. (John B. Breckinridge, Atty. Gen., and Earle V. Powell, Asst. Atty. Gen., on the brief), for appellee.

Before MARTIN, WEICK and O'SULLIVAN, Circuit Judges.

WEICK, Circuit Judge.

Rayborn was tried and convicted in the Circuit Court of Jefferson County, Kentucky of the offense of armed robbery. On November 20, 1946 he was sentenced to life imprisonment.

He was later indicted in the United States District Court for the Western District of Kentucky on a fourteen count indictment charging him with receiving stolen property belonging to the Government and possession of firearms transferred in violation of law. He was brought into the District Court on a writ of habeas corpus ad prosequendum for trial on March 18, 1947 and was found guilty and sentenced to thirty years imprisonment.[1] He was then returned to the Kentucky authorities.

The District Court ordered that the federal sentence be served concurrently with the state court sentence and that "Upon expiration of the service of the State sentence by defendant, he is to be turned over to the custody of the Attorney General to complete the sentence in this case."

On September 12, 1952, after serving five years, nine months and twenty-one days in the state prison, he was surren-

---

1. The sentence was subsequently reduced to twenty years by this Court. Rayborn v. United States, 6 Cir., 1956, 234 F.2d 368.

dered to the federal authorities by the state warden to commence serving his federal sentence. This was done at the request of the State Attorney General and with the knowledge of the Governor who sent a representative of his office to the state prison to conduct an interview with Rayborn prior to the surrender.

Under Kentucky law, Rayborn would have been eligible for parole after serving eight years in its prison. There remained at the time of his surrender two years, two months and nine days for him to serve in order to become eligible.

Rayborn objected to his surrender to the federal authorities and fought a losing battle to prevent it. Rayborn v. Swope, Warden, 9 Cir., 1954, 215 F.2d 604; Rayborn v. Chandler, Governor, Civil No. 147 (D.C.E.D., Ky.); Rayborn v. Thomas, Warden, Civil No. 3514 (D.C. W.D., Ky.); Rayborn v. Bennett, Civil No. 2402-58 (D.C.D.C.).

Rayborn was taken by the federal authorities to Alcatraz where he served seven years and two months on his federal sentence. He was allowed credit on his federal sentence for 2706 days for good conduct, 2400 days statutory allowance, 276 days for Industrial Good Time and 30 days for meritorious service rendered in fighting a fire at Alcatraz. He became eligible for federal parole on October 19, 1959.

Notwithstanding its surrender, Kentucky had issued a detainer against Rayborn claiming that he must serve an additional two years, two months and nine days before becoming eligible for parole under his life sentence.

Rayborn instituted the present action in mandamus in the District Court on September 21, 1959 to prevent Kentucky from reimprisoning him under the original state court sentence. He claims that the state had satisfied its demands against him and waived jurisdiction over him when it surrendered him to the federal authorities. He further contends that imprisonment by state officials will interfere with his statutory rights to parole under Title 18 U.S.C.A. §§ 4163, 4164.

During the pendency of his case in the District Court he was released from Alcatraz on conditional parole and was arrested on a rendition warrant issued by the Governor of Kentucky. He was returned to the Kentucky State Penitentiary where he is now confined.

Respondent filed a motion to dismiss the petition for mandamus. The District Judge treated the allegations of fact contained in the petition as admitted to be true, as they had not been controverted. He heard the petition on its merits and dismissed it. This appeal followed.

Counsel for respondent claims that under the Constitution of Kentucky only the Governor could pardon Rayborn and that the action of the state officials in surrendering Rayborn to the federal authorities was unauthorized and of no legal force and effect. He asserts that Kentucky has an unsatisfied judgment of conviction which it has a right to enforce.

■ At the outset, we are confronted with the question whether the remedy of mandamus is available to petitioner. Before this extraordinary writ can issue, petitioner must establish that he has a clear and certain right and that the duties of respondent Warden are ministerial, plainly defined and peremptory. United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 51 S.Ct. 502, 75 L.Ed. 1148; Girard Trust Co. v. Helvering, 301 U.S. 540, 57 S.Ct. 855, 81 L.Ed. 272; Huddleston v. Dwyer, 10 Cir., 145 F.2d 311.

■ At the time the complaint was filed in the District Court, petitioner was serving his federal sentence in Alcatraz. Respondent then had no custody, jurisdiction or duty to perform with respect to him. Respondent's custody over petitioner did not attach until he was delivered to the Kentucky prison after his federal parole. Mandamus was not the proper remedy to prevent the Warden from receiving the prisoner because it

was the Warden's mandatory duty under Kentucky law to accept him as a prisoner. When delivery was accomplished, respondent was then holding petitioner in custody under the judgment and sentence of the Kentucky Court. It was respondent's ministerial duty under Kentucky law to hold petitioner in custody, until he had served his sentence or was pardoned or paroled.

Since the respondent had a mandatory duty under Kentucky law to accept custody of petitioner under the sentence of the state court, the District Court would have no right to order the Warden to refrain from performing his legal duty.

In Platek v. Aderhold, Warden, 5 Cir., 73 F.2d 173, the District Court was held to have no power to interfere with the conduct of a prison or its discipline, but only on habeas corpus to deliver from prison those who are illegally detained there.

If we treat this action for mandamus as one for habeas corpus, we are met with the statutory condition that a person in custody pursuant to a judgment of a state court must first exhaust the remedies available to him in the courts of the state before resorting to the federal courts for relief. Title 28 U.S.C.A. § 2254; Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

Petitioner has not resorted to any of the remedies available to him in the Kentucky courts. Until he has exhausted his state remedies, the federal courts are without power to grant relief to him in a habeas corpus proceeding.

We express no opinion on whether the question presented can be raised in a habeas corpus action (See: Ex parte Barnes, 171 Ohio St. 206, 168 N.E.2d 492) or on the merits of the case.

For the reasons herein stated, the judgment of the District Court denying the Petition for Mandamus is affirmed.