**William H. HAGGARD, Petitioner-Appellant,**

v.

**STATE OF TENNESSEE and Honorable Joseph D. Duncan, Judge, Knox County Criminal Court, Knoxville, Tennessee, Respondents-Appellees.**

No. 19487.

United States Court of Appeals
Sixth Circuit.

Feb. 10, 1970.

William H. Haggard, pro se.

Elmer D. Davies, Jr., Asst. Atty. Gen., State of Tenn., Nashville, Tenn., on brief, for appellees, David M. Pack, Atty. Gen., and Reporter, State of Tenn., of counsel.

Before WEICK, Circuit Judge, and McALLISTER and O'SULLIVAN, Senior Circuit Judges.

WEICK, Circuit Judge.

Appellant, an inmate of the Tennessee State Penitentiary in Nashville, Tennes-

see, appeals from an order entered by the District Court denying his petition for a writ of mandamus. The petition sought an order of the District Court commanding a state criminal court judge to furnish him with copies of "court records, legal documents, etc." pertaining to one of his convictions which formed the basis for his conviction as an habitual criminal.

In 1951, appellant was convicted in the Criminal Court of Knox County, Tennessee, of the crime of burglary, and of being an habitual criminal. He was sentenced to life imprisonment. The Supreme Court of Tennessee affirmed his conviction and sentence.

Appellant asserts that one of the three prior state court convictions used to enhance his punishment is void because he was an indigent and did not have the assistance of counsel. He relies on Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Appellant's contention is that he needs the state court records to enable him to prepare a petition for a writ of habeas corpus under 28 U.S.C. § 2241.

█ The writ of mandamus as such has been abolished by Rule 81(b), Fed. R.Civ.P. However, under 28 U.S.C. § 1651 (All Writs Statute) federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus. Findley v. Chandler, 377 F. 2d 548 (9th Cir.1967); Booker v. Arkansas, 380 F.2d 240 (8th Cir.1967); Youngblood v. United States, 141 F.2d 912 (6th Cir.1944); Newark Morning Ledger Co. v. Republican Co., 188 F. Supp. 813 (D.Mass.1960). See 7 Moore's Federal Practice § 81.07.

█ Such relief may be granted only in instances where, before adoption of Rule 81(b), the remedy of mandamus would have been available. Petrowski v. Nutt, 161 F.2d 938 (9th Cir.1947), cert. denied, 333 U.S. 842, 68 S.Ct. 659, 92 L. Ed. 1126 (1948); Newark Morning Ledger Co. v. Republican Co., supra;

Deglau v. Franke, 184 F.Supp. 225 (D. R.I.1960).

■ It is settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought. In the absence of special statutory authority it can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise vested in it. Hertz v. Record Publishing Co., 219 F.2d 397 (3d Cir.1955), *cert. denied,* 349 U.S. 912, 75 S.Ct. 601, 99 L.Ed. 1247 (1955).

■ In any event, federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Clark v. Washington, 366 F.2d 678 (9th Cir.1966); Campbell v. Washington State Bar Ass'n, 263 F.Supp. 991 (W.D. Wash.1967).

■ If we treat this action for mandamus as one for habeas corpus, Rayborn v. Jones, 282 F.2d 410 (6th Cir. 1960), we are met with the statutory condition that a person in custody pursuant to a judgment of a state court must first exhaust the remedies available to him in the courts of the state before resorting to the federal courts for relief. 28 U.S.C. § 2254.

In appellant's petition for a writ of mandamus he admits that he has presently pending in an appellate court in Tennessee a petition for post-conviction relief. It involves the same issue presented here, *i. e.,* that one of his prior convictions which formed the basis for his conviction as an habitual criminal, is void. In that action the court records, which he seeks here, were available to him under the provisions of Section 40–3813 of the Tennessee Code.

Until appellant has exhausted his state remedies, the federal courts are without authority to grant relief to him in a habeas corpus proceeding. Rayborn v. Jones, *supra.*

The judgment of the District Court denying the petition for a writ of mandamus is affirmed.