Charles Stephen McMAHAN, Plaintiff,

v.

STATE OF OKLAHOMA, Defendant.

No. Civ. 75–1054–D.

United States District Court,
W. D. Oklahoma,
Civil Division.

Dec. 11, 1975.

J. Hugh Herndon, Midwest City, Okl., for plaintiff.

Curtis P. Harris, Oklahoma City, Okl., for defendant.

### ORDER

DAUGHERTY, Chief Judge.

Plaintiff has filed an Application for Alternative Writ of Mandamus in which he states he is a defendant in a criminal case in the District Court of Oklahoma County, State of Oklahoma. He alleges that the Court in said case has refused to allow him to introduce evidence which he contends is material to his defense on said charges and such refusal constitutes a denial of due process to said applicant. It is contended that this Court has jurisdiction by reason of the State of Oklahoma being a litigant.[1] Plaintiff prays for a Writ of Mandamus ordering the State to admit said evidence.

In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) the Supreme Court stated:

"Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."

The instant Application is clearly a request for this Court to interfere with proceedings in the State Court. The Supreme Court reaffirmed its holdings in *Younger v. Harris,* supra, in the case of *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) wherein it stated:

"The Court has recently reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.' *Younger v. Harris,* 401 U.S. 37, 43–44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Additionally, recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels restraint against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is ' "both great and immediate." ' Id., at 46, 91 S.Ct. at 751. See, e. g., *Fenner v. Boykin,* 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927 (1926); *Douglas v. City of Jeannette,* 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943)."

Although the above cases considered the issue of interference with state courts by means of injunction which is also prohibited pursuant to 28 U.S.C. § 2283, the rationale would appear to apply equally to the request for a Writ of Mandamus in the instant action.

Writs of Mandamus have been abolished in federal practice pursuant to Rule 81(b), Fed.Rules Civ.Proc. However, actions in

---

1. Said allegation as to the jurisdiction of this Court is not correct because a state is not a "citizen" pursuant to the diversity jurisdiction statute (28 U.S.C. § 1332), *Dacey v. Florida Bar, Inc.,* 414 F.2d 195 (Fifth Cir. 1969) cert. den. 397 U.S. 909, 90 S.Ct. 906, 25 L.Ed.2d 89, and the other jurisdictional statutes do not contain such provisions.

the nature of mandamus to compel United States officials to perform duties are within the jurisdiction of the United States District Courts pursuant to 28 U.S.C. § 1361. The instant proceeding is not within the purview of said statute.

■ The authorities are clear the United States Courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Lamar v. 118th Judicial District Court of Texas,* 440 F.2d 383 (Fifth Cir. 1971); *Haggard v. State of Tennessee,* 421 F.2d 1384 (Sixth Cir. 1970); *Clark v. State of Washington,* 366 F.2d 678 (Ninth Cir. 1966).

The instant Application was presented to the Court by counsel for Plaintiff at which time the Court advised it did not have the authority to issue the requested Writ. Since it appears that the Court lacks subject matter jurisdiction in this action, the action is dismissed. Rule 12(h)(3), Fed. Rules Civ.Proc.