**Alberta LESSARD, Individually and on behalf of all persons similarly situated, Plaintiffs,**

v.

**STATE OF WISCONSIN (Patrick J. Lucey and co-conspirators), Defendants.**

No. 77–C–230.

United States District Court, E. D. Wisconsin.

April 20, 1978.

Alberta Lessard, pro se.

No appearance for defendants.

### DECISION AND ORDER

MYRON L. GORDON, District Judge.

Several motions filed by the named plaintiff, Alberta Lessard, are before the court in this pro se civil action. Ms. Lessard has submitted motions: (1) requesting a writ of mandamus to stop construction of the West Allis health department, (2) for a hearing and a declaratory judgment regarding the constitutionality of the "Local Public Works Capital Development and Investment Program (Public Law 94–369)," and (3) for the convening of a three-judge court. All of these motions will be dismissed or denied.

The defendants have neither appeared by counsel nor filed any response to the plaintiffs' motions. From the record it appears that the amended complaint was served upon one Virginia Schumann, an employee of the Milwaukee County district attorney's office. In addition, although this action was brought by Ms. Lessard "individually and on behalf of all persons similarly situated," the amended complaint includes no specific definition of the asserted class of individuals that the named plaintiff proposes to represent.

### I. REQUEST FOR WRIT OF MANDAMUS

In this application, Ms. Lessard contends that a writ of mandamus should issue to terminate construction of the West Allis health department, on the grounds that the city of West Allis does not need that facility, that construction of the facility has been permitted by local officials "without a public hearing or referendum to determine the wishes of taxpayers" and in spite of public opposition, and that the construction "would be both fraudulent and a waste of tax dollars."

The defendants in this action are claimed to be the "state of Wisconsin, (Patrick J. Lucey and co-conspirators)." 28 U.S.C. § 1361 authorizes a federal district court to issue a writ of mandamus to compel "an officer or employee of the United States . . . to perform a duty owed to the plaintiff." As to those defendants who are not officers or employees of the United States, an action for a writ of mandamus may not be maintained in this court. See *McMahan v. State of Oklahoma*, 412 F.Supp. 639, 641 (W.D.Okl.1975). As to those defendants who may be officers or employees of the United States, the amended complaint and the plaintiffs' motion fail to suggest the existence of a mandatory, ministerial obligation owed to the plaintiffs, which the defendants have failed to perform. Relief in the nature of mandamus should therefore not issue, and the plaintiffs' application for a writ of mandamus will accordingly be denied.

### II. DECLARATORY JUDGMENT

The plaintiffs requested a declaration concerning the "Local Public Works Capital Development and Investment Program (Public Law 94–369)." The record in this action contains no factual allegations

from which the existence of an actual controversy between the plaintiffs and the named defendants relating to the constitutionality of this law may be found. The plaintiffs' motion will accordingly be dismissed. *Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).

### III. THREE JUDGE COURT

[3] Finally, the plaintiffs seek the convening of a three-judge court to consider the claims raised in the amended complaint. The provisions of 28 U.S.C. §§ 2281 and 2282, providing for hearing of certain types of claims by a three-judge panel, have been repealed, effective as to all actions commenced after August 12, 1976. Because the instant action was commenced on April 18, 1977, 28 U.S.C. § 2284(a), as amended, is applicable to the plaintiffs' request for the convening of a three-judge court. That statute provides as follows:

"A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."

I am unable to discern in the expansive allegations of the amended complaint any claim for which adjudication by a three-judge court is required by act of Congress or any challenge to the constitutionality of the apportionment of a legislative body, either state or federal. The application for the convening of a three-judge court will therefore be denied.

Therefore, IT IS ORDERED that the plaintiffs' request for a writ of mandamus to stop construction of the West Allis health department be and hereby is denied.

IT IS ALSO ORDERED that the plaintiffs' application for a declaratory judgment as to the constitutionality of the "Local Public Works Capital Development and Investment Program (Public Law 94–369)" be and hereby is dismissed.

IT IS FURTHER ORDERED that the plaintiffs' application for a convening of a three-judge court be and hereby is denied.