791 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOSEPH WILLIAM PRIVETT, Petitioner-Appellant,
v.
ERNEST PELLEGRIN; H.R. WISE, DIRECTOR, TENNESSEE DEPARTMENT
OF CORRECTIONS CENTRAL RECORD DEPARTMENT IN NASHVILLE; AND
DIRECTOR, TENNESSEE DEPARTMENT OF CORRECTIONS RECORD
DEPARTMENT IN FORT PILLOW, TENNESSEE, Respondents-Appellees.
 85-5049
 United States Court of Appeals, Sixth Circuit.
 4/17/86
 
 AFFIRMED
 M.D.Tenn.
 ORDER
 BEFORE: KRUPANSKY and WELLFORD, Circuit Jedges, and PECK, Senior Circuit Judge.
 
 
 1
 Petitioner appeals the district court's order dismissing his pro se mandamus petition. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner, a Tennessee prisoner, filed this pro se mandamus petition in the district court requesting the court to order the Tennessee Department of Corrections to grant him good conduct sentence credits. The district court granted leave to proceed in forma pauperis and dismissed the petition as frivolous under 28 U.S.C. Sec. 1915(d) on the grounds that petitioner had not exhausted his state remedies.
 
 
 3
 In a proceeding in forma pauperis, the district court may dismiss the complaint if satisfied that the action is frivolous or malicious. Brooks v. Seiter, 779 F.2d 1177 (6th Cir. 1985); Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985); 28 U.S.C. Sec. 1915(d). Although the district court has broad discretion to dismiss a complaint as frivolous under Sec. 1915(d), the appellate court must independently examine the complaint to determine whether it is frivolous. Malone v. Colyer, 710 F.2d 258, 260 (6th Cir. 1983). Pro se complaints are to be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 591 (1972); Brooks v. Seiter, supra. A complaint is frivolous if it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. Id.; Malone v. Colyer, supra. We find that the district court properly dismissed the petition under Sec. 1915(d).
 
 
 4
 The petition alleged jurisdiction under 28 U.S.C. Secs. 1361 and 1651, and requested the court to direct the Tennessee prison officials to give petitioner good time credits on his sentence. The petition also stated that petitioner had a state action pending on the same issue. Petitioner complained that the state petition had been pending for seven months with no action taken. The All Writs Act, 28 U.S.C. Sec. 1651, enables the federal courts to issue writs in exercise of their jurisdiction; it does not independently confer federal jurisdiction. Haggard v. Tennessee, 421 F.2d 1384 (6th Cir. 1970); accord, Telecommunications Research & Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984). Section 1361 confers jurisdiction only over mandamus actions to compel action by federal, not state, officials or employees. Federal courts have no authority to issue writs of mandamus to direct state officials to conform their conduct to state law. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984); Haggard v. Tennessee, supra. Therefore, the district court correctly found that the petition was frivolous insofar as it was styled a mandamus action.
 
 
 5
 The petition also could be construed as a habeas corpus petition since petitioner's request for good time credits would affect the length of his incarceration. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Haggard v. Tennessee, supra. However, a state prisoner must exhaust state remedies before seeking federal habeas corpus relief. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. Sec. 2254. It is clear from the face of the petition that petitioner has state actions pending. Therefore, petitioner has not exhausted his state remedies and federal habeas corpus relief is not available.
 
 
 6
 Accordingly, it is ORDERED that the district court's judgment be affirmed. Sixth Circuit Rule 9(d)(2).