**Jay Alan ROTHSTEIN, Petitioner,**

v.

**MONTANA STATE SUPREME COURT and the Montana State Board of Bar Examiners, Respondents.**

**No. CV 86–35–H–CCL.**

United States District Court, D. Montana, Helena Division.

June 26, 1986.

See also, D.C., 638 F.Supp. 1311.

Jay Alan Rothstein, pro se.

No appearance for respondents.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Petitioner Jay Alan Rothstein, reprenting himself, seeks a writ of mandamus compelling the Montana Supreme Court and the Montana State Board of Bar Examiners to permit him to sit for the state bar exam for a fourth time. Petitioner challenges as unconstitutional a rule adopted by the Montana Supreme Court limiting the number of times a qualified applicant may sit for the bar exam to three, unless exempted by that court. For the reasons stated below, Rothstein's petition is denied.

## BACKGROUND

Successful completion of the Montana bar exam is a prerequisite to admission to the practice of law within the state.[1] At present, the bar exam is divided into three sections: a national multi-state examination, an essay section covering Montana law, and an ethics section.

Petitioner has unsuccessfully attempted to pass the Montana bar examination on three occasions.[2] On each occasion, he has failed the essay section. I note that petitioner has earned passing marks on the multi-state and ethics sections of the examination.

Following notification that he failed the February 1986 examination, Rothstein applied to the Montana Supreme Court for leave to take the essay section for a fourth time. By order dated May 29, 1986, the state supreme court denied Rothstein's request for an exemption from the three-attempt rule.

Rothstein filed a petition for a writ of mandamus in this Court on June 18, 1986.[3] Rothstein contends this type of extraordinary relief is appropriate under the circumstances for the following reasons: (1) the imminency of the July 1986 exam precludes resort to any other form of legal action; and (2) he has employment as a lawyer in Montana awaiting his successful completion of the bar and that any further delay in sitting for the exam would hamper his ability to retain such employment.

## DISCUSSION

Writs of Mandamus have been abolished in federal practice pursuant to Rule 81(b), Fed.R.Civ.P. However, actions in the nature of mandamus to compel United States officials to perform duties are within the jurisdiction of the United States district

1. *See,* e.g., *In Re Proposed Amendments Concerning the Bar Examination and Admission to the Practice of Law in the State of Montana,* 187 Mont. 159, 609 P.2d 263 (1980).

2. He sat for the bar exam in February 1985, July 1985, and February 1986.

3. Rothstein seeks an order directing respondents to allow him to sit for the July 1986 bar exam. That exam is scheduled for July 30–31 and August 1, 1986.

courts pursuant to 28 U.S.C. § 1361. The instant proceeding is not within the purview of § 1361.

 The cases clearly hold that the courts of the United States have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Clark v. State of Washington, et al.,* 366 F.2d 678, 681–82 (9th Cir.1966); *Haggard v. State of Tennessee,* 421 F.2d 1384 (6th Cir.1970); *Lamar v. 118th Judicial District Court of Texas,* 440 F.2d 383 (5th Cir.1971); *Lessard v. State of Wisconsin,* 449 F.Supp. 914, 915 (E.D.Wis.1978); and *Dunlap v. Corbin,* 532 F.Supp. 183, 187 (D.Ariz.1981).

 As noted, exceptions to the Montana three-attempt rule fall within the discretion of the Montana Supreme Court. In the exercise of such discretion, the Montana court denied Rothstein's request for a fourth sitting for the essay section. This Court does not have jurisdiction to issue a writ of mandamus compelling state officials to engage in discretionary functions.

Under the circumstances, I need not reach the merits of petitioner's claim that his constitutional rights have been violated.[4] It may well be that the issues attempted to be raised by petitioner are properly the subject of an action under 42 U.S.C. § 1983.

For the reasons stated above,

IT IS ORDERED that Jay Alan Rothstein's petition for a writ of mandamus is DENIED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that this action is DISMISSED without prejudice. Petitioner is granted leave to file an amended pleading within 20 days, if he so desires.

---

**4.** Although the petition filed herein is not a model of clarity, it appears that Rothstein is attempting to state claims under both the due process and equal protection clauses of the fourteenth amendment. His due process claim centers on the alleged irrelevance between professional competence and the number of times a bar exam is taken before a passing score is achieved. His equal protection argument centers on his allegations that most applicants for a fourth bar exam sitting are granted leave to do so.