76 F.3d 380
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rick WILLIAMS-BEY, Plaintiff-Appellant,
v.
Marcia J. MENGEL; Thomas J. Moyer, Chief Justice,
Defendants-Appellees.
 No. 95-3090.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1996.
 
 Before: MARTIN, NORRIS and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Rick Williams-Bey, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1651. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking mandamus, declaratory, and injunctive relief, Williams-Bey sued the clerk of the Ohio Supreme Court and the Chief Justice of the Ohio Supreme Court, contending that the defendants violated his constitutional rights by refusing to file his proposed declaratory judgment action. Williams-Bey sought to have the district court order the clerk of the Ohio Supreme Court to file his request for a declaratory judgment. The district court dismissed Williams-Bey's complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6).
 
 
 3
 In his rambling appeal, Williams-Bey essentially argues that the district court erred in not granting his request for injunctive relief. Williams-Bey has moved this court to strike the appellees' brief, for sanctions, and for oral argument.
 
 
 4
 This court renders de novo review of an order dismissing a complaint under Fed.R.Civ.P. 12(b)(6). Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). The district court properly granted defendants' motion to dismiss because it appears beyond doubt that Williams-Bey could prove no set of facts that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 5
 Williams-Bey was not entitled to injunctive relief. Any authority the clerk of the Ohio Supreme Court would have to file Williams-Bey's motion would flow from state law. Thus, Williams-Bey is essentially requesting the federal courts to require the clerk of the Ohio Supreme Court to comply with state law and to file his document. However, federal courts cannot direct state officials to conform their conduct to state law. Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 106 (1984). Williams-Bey has also not established a palpable injury as he can file his motion with the Ohio Supreme Court at any time. See Associated Builders & Contractors v. Perry, 16 F.3d 688, 691 (6th Cir.1994). The district court did not abuse its discretion in denying Williams-Bey's request for declaratory relief. See Green v. Mansour, 474 U.S. 64, 72 (1985). Finally, Williams-Bey was not entitled to mandamus relief as federal courts have no authority to direct state courts, or their officers, in the performance of their duties. See Haggard v. Tennessee, 421 F.2d 1384, 1386 (6th Cir.1970).
 
 
 6
 Accordingly, we deny Williams-Bey's motions for relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.