**Felton WOODS, Plaintiff–Appellant,**

v.

**Elizabeth A. WEAVER, Chief Justice, Defendant–Appellee.**

No. 00–2310.

United States Court of Appeals, Sixth Circuit.

June 15, 2001.

. Before MARTIN, Chief Judge; NORRIS, Circuit Judge; QUIST, District Judge.*

Felton Woods appeals a district court order dismissing his petition for a writ of mandamus. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In his complaint, Woods requested that the district court issue a writ of mandamus to the chief justice of the Michigan Supreme Court, directing the Michigan courts to consider his state post-conviction motion on the merits. Over Woods's objections, the district court adopted the magistrate judge's report and recommendation, concluded that it did not have the authority to issue the writ, and dismissed the case for failure to state a claim. In this timely appeal, Woods requests the appointment of counsel and release on bond.

Upon review, we conclude that the district court properly dismissed Woods's complaint for failure to state a claim. This court reviews de novo a district court order dismissing a suit for failure to state a claim under 28 U.S.C. § 1915A(b). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.*

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Woods's claims are without merit. In 1985, Woods was convicted of breaking and entering, aggravated assault, and being a persistent felony offender, and the trial court sentenced him to life imprisonment. Woods unsuccessfully pursued extensive state and federal judicial review of these convictions, including two petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and a motion to file a successive petition under 28 U.S.C. § 2244. In 1998, Woods filed a state post-conviction motion, seeking further review of his claims; the state courts denied the motion as procedurally barred. In his current complaint, Woods now seeks the writ of mandamus to compel the state courts to rule on the merits of his post-conviction motion. However, the federal courts have no authority to issue a writ of mandamus directing a state court or its judicial officers in the performance of their duties. *See Haggard v. State of Tenn.,* 421 F.2d 1384, 1386 (6th Cir.1970); *White v. Ward,* 145 F.3d 1139, 1140 (10th Cir.1998).

To the extent that Woods seeks review of the state courts' decisions, his claim is still unreviewable in federal court. A federal district court lacks jurisdiction to review the final judgment of a state court proceeding, *see Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 199 (4th Cir.1997), and even constitutional claims which are inextricably intertwined with a state court's decision are not reviewable. *See Feldman,* 460 U.S. at 483 n. 16, 103 S.Ct. 1303; *Jordahl,* 122 F.3d at 199. A federal plaintiff's claim is inextricably intertwined with the state court's decision if the federal claim can succeed only to the extent that the state court wrongly decided the issues before it, *see Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir.1998), and the federal action raises a "specific grievance" to the state court's actions or application of the law, rather than a "general challenge" to the constitutionality of the state law. *See id.* Since Woods is merely raising specific grievances regarding the decisions of the Michigan courts, his federal case is an impermissible appeal of the state court judgment.

Accordingly, this court denies Woods's requests for counsel and release on bond and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.