Anthony Dewayne **PARKER**,
Plaintiff–Appellant,

v.

Aubrey Bernard **PHILLIPS**; William L. Gibbons; Alicia Faye Tuggle; Paul Anthony Boyce; Anthony Craig, Defendants–Appellees.

No. 01–5325.

United States Court of Appeals,
Sixth Circuit.

Nov. 7, 2001.

Before KEITH, BOGGS, and MOORE, Circuit Judges.

Anthony Dewayne Parker, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In September of 1999, Memphis police officers arrested Parker for aggravated assault. At the time of his arrest, Parker was serving a period of supervised release for a 1993 federal drug offense. Parker obtained bail in October and married the victim of the assault. In March of 2000, however, the Shelby County Grand Jury indicted Parker on the aggravated assault. That same month the police also arrested

him for being a felon in possession of a handgun and for two counts of aggravated robbery.

While Parker faced prosecution in state court, federal authorities learned of his arrest and confinement. On April 21, 2000, the United States Probation Office filed a petition to revoke Parker's supervised release, which had not yet expired. Further, on June 29, 2000, a federal grand jury indicted Parker afresh on two counts of possession of a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g). Parker's supervised release was revoked and he was sentenced to two years imprisonment. The district court entered the judgment on the supervised release violation on October 18, 2000. In the new case, from January 2 to 4, 2001, the district court presided at a jury trial, which concluded with the jury finding Parker guilty on both counts. As of the filing of his complaint, Parker's sentencing was still pending.

Parker sues Shelby County District Attorney William Gibbons, City of Memphis Police Department Sergeant Anthony Craig, and three private persons identified as Paul Anthony Boyce, Aubrey Bernard Phillips, and Alicia Faye Tuggle. Parker complains that he was actually the victim of an assault and robbery by defendants Boyce, Phillips, and Tuggle, and that the State would not prosecute them, but is violating his right to equal protection by prosecuting him instead. Parker contends that Sergeant Craig is directing a malicious prosecution of him. Finally, he contends that the arresting officers should not have seized various items of personal property, including jewelry, at the time of his arrest in September of 1999. Parker sought injunctive relief and "whatever relief the court see[s] fit." The district court dismissed Parker's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). This timely appeal followed.

This court reviews de novo a district court judgment dismissing a complaint as frivolous pursuant to 28 U.S.C. § 1915(e). *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint may be dismissed as frivolous if the claims lack an arguable or rational basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Upon review, we conclude that the district court properly dismissed Parker's complaint pursuant to 28 U.S.C. § 1915(e)(2). First, defendant Gibbons apparently prosecuted Parker and prosecutors enjoy absolute immunity from damages liability for acts performed as advocates of the State. *Manetta v. Macomb County Enforcement Team,* 141 F.3d 270, 274 (6th Cir.1998) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)).

Second, *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), applies to bar Parker's claim, whether construed as one for false imprisonment or malicious prosecution. The prosecution has not yet terminated in Parker's favor, and thus any claims he may possess may yet accrue if the prosecution is indeed resolved in his favor. If any such prosecution ends in a conviction, Parker must have the conviction overturned on direct appeal or via collateral attack before any claims can accrue. *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364; *accord Shamaeizadeh v. Cunigan,* 182 F.3d 391, 398 (6th Cir.) (§ 1983 claim alleging illegal search and seizure brought by arrestee after criminal charges arising from search and seizure were dismissed accrued on date charges were dismissed), *cert. denied,* 528 U.S. 1021, 120 S.Ct. 531, 145 L.Ed.2d 412 (1999).

Third, Parker's complaint is frivolous to the extent that he seeks relief

under § 1983 based on the manner in which the state court prosecution is being conducted. The essence of this claim is that Parker wants the federal courts to order a state court to change the way it is conducting a prosecution. Parker cannot, however, obtain review of a case litigated and decided in state court as only the United States Supreme Court has jurisdiction to correct state court judgments. *See Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Patmon v. Mich. Supreme Court,* 224 F.3d 504, 506–07 (6th Cir.2000). Federal courts also have no authority to issue a writ of mandamus directing a state court or its judicial officers in the performance of their duties. *See White v. Ward,* 145 F.3d 1139, 1140 (10th Cir.1998); *Haggard v. State of Tenn.,* 421 F.2d 1384, 1386 (6th Cir.1970).

Finally, Parker's complaint was properly dismissed as frivolous to the extent that the complaint could be construed as a demand for termination of the prosecution. Such relief is only available through a petition for a writ of habeas corpus. *See Preiser,* 411 U.S. at 500, 93 S.Ct. 1827. Further, the district court properly declined to construe Parker's complaint as seeking habeas corpus relief because Parker's complaint does not allege that his claims are exhausted, *see Preiser v. Rodriguez,* 411 U.S. 475, 489–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), nor does the document comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.