**Michele Avery DANIELS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–5826.

United States Court of Appeals, Sixth Circuit.

Jan. 2, 2002.

Before SILER and BATCHELDER, Circuit Judges; HOOD, District Judge.*

*ORDER*

Michele Avery Daniels, a pro se federal prisoner, appeals a district court order dismissing her petition filed pursuant to the All Writs Act, 28 U.S.C. § 1651. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

According to the petition, on May 18, 1995, Daniels was found guilty of conspiring to manufacture marijuana, conspiracy to launder money, money laundering involving criminally derived property exceeding $10,000.00, and money laundering with the intent to promote the criminal activity. She was sentenced on September 26, 1995. The Sixth Circuit affirmed Daniels convictions on direct appeal. *See United States v. Avery,* 128 F.3d 966 (6th Cir.1997). Thereafter, Daniels filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. The § 2255 motion was denied in March 1999. Daniels did not appeal the denial.

Daniels asserts that the Supreme Court holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), should apply retroactively. According to Daniels, if *Apprendi* were to apply, then the indictment underlying her criminal convictions was faulty because it failed to include the specific quantity of drugs. She further asserts that this error has resulted in a greater minimum penalty than should have been imposed in her case. She sought a decrease in her sentence thereby necessitating her immediate release since she has served the maximum penalty, and to resentence her to a lower term of supervised release. The district court found that it lacked jurisdiction over the petition and dismissed the petition. This timely appeal followed.

■ Upon de novo review, *see Blanton v. United States,* 94 F.3d 227, 230 (6th Cir.1996) (writ of coram *nobis*), we conclude that the *district* court properly *dismissed* the petition because the All Writs Act cannot serve as a basis for relief. The All Writs Act provides the vehicle by which the federal courts may issue writs in exercise of their clearly delineated jurisdiction, but the Act does not amount to an independent jurisdictional grant in the absence of an express statutory grant of subject matter jurisdiction. *See Haggard v. Tennessee,* 421 F.2d 1384, 1386 (6th Cir.1970).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.