**Bryan Jacob SEYKA, Plaintiff–Appellant,**

v.

**Maura CORRIGAN, Defendant–Appellee.**

No. 02–1079.

United States Court of Appeals, Sixth Circuit.

Aug. 27, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and CARR, District Judge.*

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

*ORDER*

Bryan Jacob Seyka, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of mandamus filed pursuant to 28 U.S.C. § 1651(a). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 19, 2001, Seyka filed a petition for a writ of mandamus in which he requested the district court to issue a writ of mandamus to Maura Corrigan, Chief Justice of the Michigan Supreme Court. Seyka sought a writ of mandamus to compel Corrigan "to [o]rder the [state] trial court to rule on the merits of [his] motion for reconsideration" and declare that the time period for filing an application for leave to appeal a decision on post-conviction review should begin to run on the date that a motion for reconsideration is decided rather than the date that the underlying motion for relief from judgment is decided.

Seyka explained that on March 9, 1997, he filed a motion for relief from judgment pursuant to Michigan Court Rule ("MCR") 6.500 in the Eaton Circuit Court. The circuit court denied Seyka's 9, 9–10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Although a claim for prospective injunctive relief is not barred by the doctrine of judicial immunity, *see Pulliam v. Allen*, 466 U.S. 522, 541–42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), Seyka is not entitled to such relief because he cannot demonstrate "an inadequate remedy at law" and "a serious risk of irreparable harm." *Id.* at 537–38. Second, Seyka's petition failed to state a claim for relief based upon the

alleged violations of his due process and equal protection rights. Seyka failed to state a due process claim because he was afforded an opportunity to challenge the denial of his post-conviction motion for relief from judgment. *See Yellow Freight Sys., Inc. v. Martin,* 954 F.2d 353, 357 (6th Cir.1992). Seyka failed to state an equal protection claim because he did not allege that he was treated differently than post-conviction litigants to whom he is similarly situated. *See City of Cleburne, Tex. v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).

To the extent that Seyka's petition may be construed as a request for a writ of mandamus, Seyka is not entitled to the relief requested. First, Seyka has failed to demonstrate a clear and indisputable right to the drastic remedy of a writ of mandamus, *see In re Gregory,* 181 F.3d 713, 715 (6th Cir.1999), and his request for a writ of mandamus to compel the Michigan courts to rule on the merits of his motion for reconsideration is improper because "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. Tenn.,* 421 F.2d 1384, 1386 (6th Cir.1970). Second, because Seyka's petition seeks unauthorized federal court review of a state court decision dismissing his application for leave to appeal, the *Rooker–Feldman* doctrine precludes the exercise of federal jurisdiction. *See Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.