**Anthony Dewayne PARKER,**
**Plaintiff–Appellant,**

v.

**William L. GIBBONS, Shelby County Attorney General; L. Craig, Assistant Shelby County Attorney; Steve Jones, Assistant Shelby County Attorney; Sgt. Anthony Craig, # 1544, MPD Robbery Office, Defendants–Appellees.**

No. 02–6250.

United States Court of Appeals,
Sixth Circuit.

April 1, 2003.

Before: BOGGS and SILER, Circuit Judges; and STEEH, District Judge.*

*ORDER*

Anthony Dewayne Parker, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights action construed as filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking removal of a state criminal action, the imposition of imprisonment and fines against the defendants, and any other relief deemed just, Parker filed suit against the Shelby County Attorney General (William L. Gibbons), two assistant

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

county attorneys (L. Craig and Steve Jones), and a Memphis police officer (Sgt. Anthony Craig). Parker asserted that the defendants had engaged in selective prosecution and had violated his equal protection rights by prosecuting him for robbing two individuals (Paul Boyce and Alicia Tuggle) in March 2000, when the defendants had refused to prosecute Boyce and others who had robbed Parker on September 1 and 3, 1999. Upon initial screening, the district court construed the action as filed pursuant to 42 U.S.C. § 1983, noted that Parker's prosecution was no longer pending, and concluded that Parker's claim was frivolous because he had raised it in two previous complaints. The district court also concluded that the complaint failed to state a claim to the extent that Parker sought criminal prosecution of the defendants. Accordingly, the district court sua sponte dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

In his timely appeal, Parker requests oral argument and reasserts his equal protection claim.

Upon de novo review, we conclude that the district court's judgment must be affirmed. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

The doctrine of res judicata bars consideration on the merits of the instant complaint. The broad doctrine of res judicata encompasses both claim preclusion (res judicata) and issue preclusion (collateral estoppel). *J.Z.G. Res., Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 214 (6th Cir.1996). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented. *Id.* Under issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that deter-

mination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation. *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Parker litigated his equal protection claim against Gibbons, Sgt. Craig, and others in *Parker v. Phillips,* No. 01–2019 (W.D.Tenn. Feb. 1, 2001), which the district court dismissed as frivolous. This court affirmed the district court's decision on appeal. *Parker v. Phillips,* 27 Fed. Appx. 491 (6th Cir.2001) (unpublished). Consequently, Parker's instant complaint may not be reviewed on the merits, even though he named additional defendants and attempted to raise different claims.

Accordingly, the request for oral argument is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.