Otha Gene BUCHANAN,
Plaintiff–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 02–5359.

United States Court of Appeals,
Sixth Circuit.

April 2, 2003.

Before MERRITT and BATCHELDER, Circuit Judges; and DUPLANTIER, District Judge.*

*ORDER*

Otha Gene Buchanan, a pro se federal prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 1651. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Buchanan pleaded guilty to drug charges and was sentenced to 188 months of imprisonment in 1996. A forfeiture order was also issued against Buchanan by the district court in 1998. Buchanan states that his petition is not made pursuant to 28 U.S.C. §§ 2244 or 2255. Rather, he specifically states that the petition is pursuant to § 1651. Buchanan challenges his sentence and his criminal history score. He also contends that the district court lacked jurisdiction over his original criminal proceedings for several reasons. The district court dismissed the petition for failure to state a claim upon which relief may be granted.

In his timely appeal, Buchanan continues to argue the merits of his original petition. Buchanan also states that the district court should have ruled upon the merits of his petition.

The district court's order is reviewed de novo. *See Blanton v. United States,* 94 F.3d 227, 230 (6th Cir.1996).

The district court properly dismissed the petition because § 1651 cannot serve as a basis for relief. The statute provides the vehicle by which the federal courts may issue writs and exercise their clearly delineated jurisdiction. However, the law does not amount to an independent grant of jurisdiction. *See Haggard v. Tennessee,* 421 F.2d 1384, 1386 (6th Cir.1970).

* The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

It is further noted that Buchanan cannot obtain relief under 28 U.S.C. § 2241. A § 2241 petition properly challenges the execution of a prisoner's sentence, rather than its imposition. *Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir.1999). However, Buchanan's petition does not meet this test because his claims challenge the validity of his conviction and sentence. These types of claims are generally not cognizable under § 2241. Therefore, Buchanan's petition cannot be construed under § 2241 in order to allow him to obtain relief.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.