**James HENDRIX, Grady Thomas Bobbitt, William Harris, Eduardo Colon, and David Roberts, Plaintiffs,**

v.

**INDIANA STATE PUBLIC DEFENDER SYSTEM, Susan Carpenter et al. and the State of Indiana, Defendants.**

No. S 84–44.

United States District Court,
N.D. Indiana,
South Bend Division.

March 14, 1984.

James Hendrix, Grady Thomas Bobbitt, William Harris, Eduardo Colon and David Roberts, pro se.

Linley E. Pearson, Atty. Gen. of Ind. by David A. Arthur, Deputy Atty. Gen., Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This action was filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201, 2202, by five inmates at the Indiana State Prison in Michigan City, Indiana. Jurisdiction is predicated on a federal question under 28 U.S.C. § 1331, more specifically under a civil rights claim, 28 U.S.C. § 1343. This case is presently before the court on defendant's Motion to Dismiss. Both sides having briefed their respective positions thereto, this matter is now ripe for ruling.

The gravamen of plaintiffs' complaint is that the Indiana Public Defender System functions unfairly by discriminating against some inmates' requests for public defender assistance in prosecuting post-conviction appeals. Plaintiffs allege that they are being denied access to the courts by virtue of the untoward delays in their post-conviction proceedings, occasioned by the understaffed, overworked Indiana Public Defender System. Plaintiffs contend that said delays infringe, *inter alia*, on their Sixth and Fourteenth Amendment rights.

Defendants counter by arguing that the Indiana Public Defender System and its director, Susan Carpenter, are immune from suit under 42 U.S.C. § 1983 by virtue of the authority of *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), and that the Eleventh Amendment precludes suit against the State of Indiana.

 It is clear that the Eleventh Amendment's doctrine of sovereign immu-

nity bars actions in federal courts against an unconsenting state, or an arm or agency thereof. *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Faust v. South Carolina State Hwy. Dept.*, 721 F.2d 934, 940–41 (4th Cir.1983). Indiana has not waived its sovereign immunity here. Ind.Code § 34-4-16.7-3. Accordingly, the State of Indiana and the Indiana Public Defender System, as an arm of the State of Indiana, must be, and hereby are, DISMISSED as party defendants on the basis of Eleventh Amendment immunity.

The remaining defendant, Susan Carpenter argues that she is being sued solely in her capacity as an official of the Indiana Public Defender System, and that public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983. Thus, she argues, she, too, is immune from suit.

 State court judges, prosecutors, and witnesses all act "under color of state law" when performing their respective functions as judges, prosecutors, and witnesses in the state courts. Nevertheless, and for reasons of public policy, the Supreme Court of the United States has granted each of these actors immunity from damage claims under § 1983 for actions otherwise clearly arising under state law. *See*, e.g., *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (judges); *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (prosecuting attorneys); *Briscoe v. Lahue*, —— U.S. ——, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) (witnesses).

 Notwithstanding the above, the immunity afforded is against *damages;* thus, declaratory or injunctive relief may still be sought against one otherwise enjoying immunity. *See*, e.g., *Supreme Court of Virginia v. Consumers Union of the United States*, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980).

 In *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), the Supreme Court held that public defenders, acting *qua* public defenders, were not

acting under color of state law for purpose of § 1983. Holding that one does not act under color of state law is conceptually different from holding that one otherwise amenable to suit under § 1983 is nonetheless immune from damage claims. The granting of immunity concedes the fact that a valid claim might very well exist *but for* the bar of immunity; on the other hand, holding that one is not acting under color of state law belies the very existence of *any* claim cognizable under § 1983. *See,* e.g., *McClain v. King,* 554 F.Supp. 421, 422 (N.D.Ind.1983).

If this court were to hold that public defenders can *never* act under color of state law, the inevitable result would be that public defenders could not be sued for declaratory or injunctive relief in federal court, while state court judges could be. This court declines to hold that the Supreme Court intended such an anomalous result.

In a lucid and well reasoned opinion, the Court of Appeals for the Eighth Circuit held that public defenders *can* act under color of state law. *Smith v. Bacon,* 699 F.2d 434, 436 (8th Cir.1983). In that case the court held that, to survive a dismissal, the *pro se* complainants need only allege a factual basis sufficient to overcome a finding that the suit is frivolous. *Id.* This is in keeping with the generally indulgent attitude required of courts toward *pro se* inmate pleadings. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Merritt v. Faulkner,* 697 F.2d 761 (7th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 434, 78 L.Ed.2d 366 (1983).

■ Turning now to a closer examination of the plaintiffs' complaint and supplemental pleadings, it is clear that plaintiffs have stated at least a *prima facie* claim of denial of access to the courts. Further, and because of the limited form of relief sought, viz., declaratory judgment, this court declines to hold that plaintiffs have stated no grounds which would entitle them to relief. F.R.Civ.P. 12(b); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Accordingly, it is now the order of this court that the defendant's motion to dismiss be GRANTED as to the State of Indiana and the Indiana Public Defender System, and that it be DENIED as to defendant Susan Carpenter. SO ORDERED.