Joseph E. ROBBINS, Jr., and Joseph E. Robbins, Jr., as Guardian Ad Litem for his Daughter, Ashley Caldwell Robbins, Plaintiff,

v.

The Honorable Byron L. ROBB, Personally and as Judge of the District Court of the Sixth Judicial District of the State of Montana; The Sixth Judicial District of the State of Montana; The Supreme Court of the State of Montana; The Park County Sheriff; Stephanie Joanne Huth; William Huth; and Maxine Huth, Defendants.

No. CV 86–26–M–CCL.

United States District Court, D. Montana, Missoula Division.

July 25, 1986.

Joseph E. Robbins, pro se.

John Bobinski, Mont. Dept. of Admin., Helena, Mont., for defendants Mont. Sup. Ct., Byron L. Robb, Sixth Jud. Dist.

Wm. Nels Swandal, Park Co. Atty., Livingston, Mont., for defendant Park Co. Sheriff.

Karl Knuchel, Livingston, Mont., for Huth defendants.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Plaintiff, appearing *pro se* in this action, seeks declaratory, injunctive and habeas corpus relief, as well as damages in the amount of $1,000,000.00 against defendants Stephanie Joanne Huth, William Huth, and Maxine Huth (the "Huth defendants"). All defendants have moved to dismiss.

This action arises out of the dissolution of the marriage between plaintiff and defendant Stephanie Huth. Defendant Robb, as Judge of the District Court for the Sixth Judicial District, State of Montana, found plaintiff delinquent in child support payments owed to Stephanie in the sum of $3,625.00, and further found plaintiff in contempt of court. Plaintiff was fined $500.00 and sentenced to five days in jail.

Plaintiff thereafter appealed to the Montana Supreme Court. In an opinion dated December 18, 1985, the court remanded for certain findings on visitation and refused to consider plaintiff's claims regarding the district court's contempt finding and the constitutionality of the contempt statute, Mont. Code Ann. § 3-1-523. *In re Marriage of Robbins*, — Mont. —, 711 P.2d 1347 (1985). The court stated that the proper avenue by which to challenge a contempt citation is a writ of certiorari, which plaintiff had not pursued.

Plaintiff now requests this Court to issue a declaratory judgment giving joint custody of his minor child to plaintiff and Stephanie Huth; to award temporary custody to plaintiff pending the outcome of this case; to enjoin Judge Robb from holding plaintiff in contempt of court; to issue a writ of habeas corpus taking plaintiff out of the custody of the Park County Sheriff; to award damages against the Huth defendants; and other relief. Plaintiff also moves for appointment as guardian ad litem of his minor child and for stay of his sentence under the contempt order issued by Judge Robb.

The Court will consider each defendant's motion to dismiss in turn.

### The Supreme Court of Montana and the Sixth Judicial District Court

Although the allegations in the complaint are generally conclusory and inarticulate, plaintiff appears to allege a violation of 42 U.S.C. § 1983. He claims that the Supreme Court deprived him of his constitutional right to due process of law by refusing to allow him to appeal Judge Robb's contempt order and by otherwise acting arbitrarily in ruling against plaintiff. Against the state district court, he alleges that he was deprived of due process because he was given no opportunity to be heard, and because the court's decision was based upon perjured testimony. Plaintiff seeks injunctive and declaratory relief only against these defendants.

To state a claim for relief under Section 1983, plaintiff must allege: (1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923-24, 64 L.Ed.2d 572 (1980).

The case law seems clear that injunctive relief may not be granted under Section 1983 against state courts for the reason that state courts are not considered "persons" within the meaning of that section. *See, Rothstein v. Supreme Court of Montana, et al.*, 637 F.Supp. 177 at 179

(D.Mont.1986), and cases cited therein. Moreover, where the plaintiff sues an arm of the state, such that the suit is in actuality against the state itself, the suit is barred by the 11th Amendment to the United States Constitution.

> The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, 'or if the effect of the judgment would be to restrain the government from acting, or to compel it to act.'

*Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 101 n. 11, 104 S.Ct. 900, 908–09 n. 11, 79 L.Ed.2d 67 (1984). It is clear that plaintiff's claims against the Supreme Court of Montana and the Sixth Judicial District Court fall squarely within the *Pennhurst* doctrine.

Plaintiff claims that the State of Montana has waived immunity from suit through the state constitution. However, the waiver contained in Article II, Section 18, of the Montana Constitution has been limited to consent to be sued in state courts, not to suits by private citizens in federal courts. *Holladay v. State of Montana*, 506 F.Supp. 1317 (D.Mont.1981).

Based upon the foregoing factors, the Court concludes that plaintiff has failed to state a claim against the Supreme Court of Montana and the District Court for the Sixth Judicial District.

### The Honorable Byron L. Robb

■ The complaint alleges that Judge Robb wrongfully subjected plaintiff to the deprivation of his constitutional rights by, *inter alia*, failing to disqualify himself because he had previously been named in a bankruptcy proceeding as a creditor of plaintiff; by refusing to continue a scheduled hearing upon thirty minutes notice from plaintiff, thus depriving plaintiff of an opportunity to be heard; and by accepting and relying upon perjured testimony from Stephanie Huth.

Although the complaint names Judge Robb "personally," the acts complained of were plainly taken by Judge Robb in his capacity as judicial officer. The issue as to Judge Robb, then, is whether he is subject to suit for actions taken within his jurisdiction. Speaking to this issue, the United States Supreme Court has held:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. *His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.*

*Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288, 294 (1967) (emphasis added). Plaintiff cites *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), as an exception to the above rule. *Pulliam*, however, did not overrule the settled principle that judges are absolutely immune from liability for damages for acts committed within their judicial capacity. *See, Lussy v. Haswell, et al.*, 618 F.Supp. 1360, 1362 n. 2 (D.Mont. 1985).

Therefore, plaintiff's complaint fails to state a legal claim for relief against Judge Robb.

### Sheriff of Park County

■ Plaintiff seeks a writ of habeas corpus against the Sheriff of Park County, to prevent said sheriff from detaining plaintiff pursuant to the contempt order issued by Judge Robb.

In its opinion in *In re Marriage of Robbins*, the Montana Supreme Court did not consider plaintiff's claim that he had unconstitutionally been held in contempt of court. The court expressly informed plaintiff that the proper avenue by which he could pursue that claim was a petition for writ of certiorari. Plaintiff chose not to pursue that remedy, but rather to file this federal suit, and thus has failed to exhaust his state remedies as required by 28 U.S.C. § 2254.

The complaint must therefore be dismissed without prejudice as to the Sheriff of Park County for failure to exhaust state remedies.

*The Huth Defendants*

 The complaint prays for declaratory and monetary relief against the Huth defendants on the ground that they are illegally harboring plaintiff's minor child, and that they have conspired to deprive plaintiff of his constitutional right to family privacy. Plaintiff alleges other related claims against these defendants premised upon the loss of his relationship with his minor child.

Even though brought under the guise of a federal question action, it is clear that the substance of plaintiff's allegations against the Huth defendants is a domestic relations dispute. It is a well established principle of federal law that federal courts should decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife. *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir.1968).

... [T]he federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and *a fortiori*, rights of visitation.' ... For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter.

The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate.

*Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir.1983). This Court will adhere to well settled precedent and will not assume jurisdiction over the Huth defendants.

IT IS HEREBY ORDERED:

1. Plaintiff's complaint is DISMISSED with prejudice as to defendants The Montana Supreme Court, The District Court for the Sixth Judicial District of the State of Montana, The Honorable Byron L. Robb, Stephanie Joanne Huth, Maxine Huth, and William Huth.

2. Plaintiff's complaint is DISMISSED without prejudice as to defendant Sheriff of Park County for failure to exhaust state remedies.

3. The Court having ruled in favor of all defendants on their motions to dismiss, plaintiff's remaining motions are DENIED.