**Carl I. JOHNSON, Plaintiff,**

v.

**STATE OF NEW JERSEY, et al., Defendants.**

**Civ. A. No. 94–3600.**

United States District Court, D. New Jersey.

Nov. 30, 1994.

Carl I. Johnson, pro se.

Jeanne Habib, Deputy Atty. Gen., Trenton, NJ for defendant State of N.J., Admin. Office of the Courts, and defendant judges.

Charles Rawitz, Asst. County Counsel, Newark, NJ for defendants Essex County Probation Dept., Janie Edwards, Z. Smith and Theresa M. Johnson.

## OPINION

WOLIN, District Judge.

This matter comes before the Court on the motion of certain defendants to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants State of New Jersey, New Jersey Superior Court, Administrative Office of the Courts and four state court judges argue that the doctrines of judicial immunity and sovereign immunity warrant dismissal of the complaint as to them.

This motion raises several complex issues of Eleventh Amendment jurisprudence, many of which are issues of first impression in this Circuit. As the Third Circuit held: "Any step through the looking glass of the Eleventh Amendment leads to a wonderland of judicially created and perpetuated fiction and paradox." *Spicer v. Hilton*, 618 F.2d 232, 235 (3d Cir.1980). This Court will walk through the "wonderland" of Eleventh Amendment law in search of answers.

## BACKGROUND

Plaintiff Carl I. Johnson was a defendant in a divorce and child custody action brought in the Superior Court of New Jersey, Chancery Division, Family Part, Essex County. During his divorce and custody proceeding, plaintiff lost custody of his children to his wife. Aggravated by the results of his divorce and custody proceeding, plaintiff filed this lawsuit under 42 U.S.C. §§ 1981, 1983, and 1985, *inter alia.* Plaintiff named as defendants the State of New Jersey,[1] Superi-

---

1. Plaintiff has named the State of New Jersey as a defendant due to its being the "employer" of

or Court of New Jersey,[2] Administrative Office of the Courts,[3] Essex County Probation Department,[4] Honorable Herbert S. Glickman, J.S.C., Honorable Katherine G. Hayden, J.S.C., Honorable Stephen Skillman, J.A.D. and Honorable Charles E. Villanueva, J.A.D, (hereinafter referred to collectively as "defendant judges") Janie Edwards,[5] Z. Smith [6] and Theresa M. Johnson.[7]

In Count I of his complaint plaintiff alleges the Superior Court of New Jersey and the defendant judges violated his right to due process and equal protection of the laws under the Fourteenth Amendment of the Constitution. Specifically plaintiff complains that these defendants require "fathers but not mothers to submit affidavits setting[ ] forth why it is in the best interest of the children for fathers to have custody ˙of the children and the refusal to consider Plaintiff['s] ... application for custody." (Complaint, ¶ 29).

In addition, in Count I, plaintiff alleges that defendant Essex County Probation Department deprived him of his "liberty, freedom from being threatened with arrest and being thrown in jail without due process of law." (Complaint, ¶ 31). Plaintiff complains that the Essex County Probation Department notified him that "if he did not abide by the rules of the Essex County Probation Department his case would be returned to" the Superior Court. (Complaint, ¶ 31). Plaintiff also alleges that defendant Janie Edwards, an employee of the Essex County Probation Department, violated his Fourteenth Amendment right to due process by "threatening to have plaintiff immediately arrested and thrown in jail." (Complaint, ¶ 31).

In Count II of his complaint plaintiff alleges that the State of New Jersey, Superior Court of New Jersey and the defendant judges "violated plaintiff's rights under 42 U.S.C. § 1981 by denying plaintiff the right to give evidence and to full and equal benefit of all laws and proceedings by requiring plaintiff, a member of the distinct class of fathers, to submit an affidavit in order for his application for custody of his children to be considered and not requiring the same" of his wife, or mothers as a class. (Complaint, ¶ 35). Plaintiff also alleges a violation ˙of 42 U.S.C. § 1981 because his wife, a part of the class of mothers, was "granted a divorce without having to prove any of her allegations." (Complaint, ¶ 35). Plaintiff also alleges a˙violation of 42 U.S.C. § 1981 because defendant Essex County Probation Department and Janie Edwards threatened "plaintiff, a member of the distinct class of fathers, with immediate arrest and being thrown in jail without a prior hearing before a court, a court order or a warrant of arrest." (Complaint, ¶ 37).

In Count III plaintiff uses the allegations described *supra* in Count II to allege violations of his constitutional rights under 42 U.S.C. § 1983 against Superior Court of New Jersey, the Essex County Probation Department, the defendant judges and Janie Edwards.

In Count IV plaintiff uses the allegations described *supra* in Count II to allege violations of his constitutional rights under 42 U.S.C. § 1985 against the defendant judges.

In Count V plaintiff alleges he was libeled by the Administrative Office of the Courts, Essex County Probation Department and Z.

---

the defendant judges. (Complaint, ¶ 2).

2. Plaintiff has named the Superior Court of New Jersey as a defendant because it is the "supervisor" of the defendant judges. (Complaint, ¶ 3).

3. Plaintiff has named the Administrative Office of the Courts as a defendant because it acts as "agent for managing the courts within the State of New Jersey and other duties assigned to it." (Complaint, ¶ 4).

4. Plaintiff has named the Essex County Probation Department as defendant due to its being the employer of Janie Edwards and Z. Smith.

5. Plaintiff sued Janie Edwards, an employee of the Essex County Probation Department, both individually and in her official capacity.

6. Plaintiff sued Z. Smith, an employee of the Essex County Probation Department, both individually and his/her official capacity.

7. Defendant Theresa M. Johnson is the plaintiff's ex-wife. Plaintiff states: "She is included in this suit because her rights will be affected by Plaintiff Carl I. Johnson's demand that the judgment of divorce be null and void *ab initio*." (Complaint, ¶ 12).

Smith when these defendants acted in concert to report his failure to pay child support to credit bureaus and lending institutions.

In each count of his complaint plaintiff seeks declaratory relief, compensatory damages, punitive damages, attorneys fees, costs, interest, injunctive relief and "such other and further relief as plaintiff may be entitled to." (Counts I—V).

The current motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) was brought on behalf of the State of New Jersey, Superior Court of New Jersey, Administrative Office of the Courts, Honorable Herbert S. Glickman, J.S.C., Honorable Katherine G. Hayden, J.S.C., Honorable Stephen Skillman, J.A.D. and Honorable Charles E. Villanueva, J.A.D. Defendants Essex County Probation Department, Janie Edwards, Z. Smith and Theresa M. Johnson did not bring a motion to dismiss.

## DISCUSSION

### I. Standard of Review

■ In determining whether a complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6), the Court must limit its consideration to the facts alleged in the complaint. *Biesenbach v. Guenther*, 588 F.2d 400, 402 (3d Cir.1978). Moreover, in its examination of the complaint, the Court is required to accept all of the allegations contained therein and all inferences arising therefrom as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). If plaintiff can prove any set of facts in support of his claim that would entitle him to relief, his complaint should not be dismissed. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *D.P. Enterprises, Inc. v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir.1984).

■ It is recognized that *pro se* submissions "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (quoting *Conley v. Gibson*, 355 U.S. at 45–46, 78 S.Ct. at 101–102; *see also Haines v.*

*Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). Therefore, this Court will endeavor to construe plaintiff's complaint in a light most favorable to the plaintiff.

This Court will first examine plaintiff's claims against the defendant judges. Because plaintiff seeks both damages and injunctive relief, this Court will examine each of these issues separately. The Court then will examine plaintiff's claims against the State of New Jersey and the Administrative Office of the Courts.

## II. Claims Against Defendant Judges

### A. Claims for Damages

■ It is well-established that judges are absolutely immune from liability for damages for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). A judge will not be deprived of this immunity even when the action was taken in error, done maliciously or was in excess of his authority. *Stump v. Sparkman*, 435 U.S. at 356, 98 S.Ct. at 1104. This absolute immunity is needed to permit judges to act independently and without fear of consequences to themselves. *Id.* at 355, 98 S.Ct. at 1104.

■ The sole limitation upon judicial immunity is that two criteria must be met. First, the act complained of must be a judicial act. *Forrester v. White*, 484 U.S. at 227–29, 108 S.Ct. at 544–45; *Stump v. Sparkman*, 435 U.S. at 360, 98 S.Ct. at 1106. Second, the judge must have jurisdiction over the subject matter before him at the time he acted. *Id.* at 356–57, 98 S.Ct. at 1104–05.

■ In the instant case, it is beyond question that the defendant judges were acting in their capacity as judges. Defendant Glickman ordered plaintiff to submit an affidavit as to why he should have custody of the couple's children instead of his wife. Defendants Skillman and Villanueva, in their roles as appellate judges, reviewed the lower court

decision and affirmed it. These are functions normally performed by judges.

The second criteria of *Stump* also is met in this case. There can be no question that the defendants had jurisdiction to decide plaintiff's divorce and custody dispute. The Superior Court has original jurisdiction throughout the State on all causes. N.J. Const., Art. 6, Sec. 3, ¶ 2. The Appellate Division has jurisdiction over appeals from final judgments of the Superior Court trial divisions. N.J.Rule 2:2–3(a)(1).

The two criteria of *Stump* being met, it is clear that the defendant judges are absolutely immune from plaintiff's claims for damages.

### B. Claims for Injunctive Relief

Plaintiff seeks injunctive relief against the defendant judges. The exact type of injunctive relief plaintiff seeks is not clear. A liberal reading of the complaint suggests that plaintiff seeks to have his divorce and custody proceeding declared null and void *ab initio*. Plaintiff also may seek to enjoin defendant Glickman from requiring fathers, but not mothers, to file affidavits in custody proceedings. Each of these claims will be analyzed herein.

■ The Supreme Court has held that "judicial immunity is not a bar to prospective [injunctive] relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen,* 466 U.S. 522, 541–42, 104 S.Ct. 1970, 1981, 80 L.Ed.2d 565 (1984). However, to obtain injunctive relief plaintiff must show that there is an inadequate remedy at law and a serious risk of irreparable harm. *Id.* at 537, 104 S.Ct. at 1978. *See Weinberger v. Romero–Barcelo,* 456 U.S. 305, 312, 102 S.Ct. 1798, 1803, 72 L.Ed.2d 91 (1982) (The Supreme Court has "repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable harm and the inadequacy of legal remedies."). In addition, the Court should consider the possibility of harm to the parties and other interested persons from the grant or denial of injunctive relief as well as the interests of the public. *Id.*

■ As to plaintiff's attempt to have his divorce and custody proceeding declared null and void *ab initio,* plaintiff has failed to indicate why his remedy at law is inadequate. Indeed, plaintiff could appeal the decisions of the defendant judges. In addition, plaintiff's complaint fails to indicate any threat of irreparable harm. Therefore, this Court finds that plaintiff has failed to state a cause of action for injunctive relief.

■ The policies underlying judicial immunity, indicate the immunity should be granted in a case such as this one where a dissatisfied litigant seeks an injunction compelling a judge to alter his former decision. As Chief Justice Warren stated:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption.

*Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967) (dismissing an action against a state court judge brought under 42 U.S.C. § 1983).

■ As to plaintiff's attempt to enjoin defendant Glickman from requiring fathers, but not mothers, to file affidavits in custody proceedings, plaintiff also has failed to show either an inadequate remedy at law or irreparable harm. Unlike the plaintiff in *Pulliam,* plaintiff here has not alleged that defendant Glickman has a practice of requiring fathers, but not mothers, to file affidavits in child custody proceedings. Therefore, plaintiff's attack is directed only at defendant Glickman's conduct in his custody case. If defendant Glickman committed an error in not requiring defendant's ex-wife to file an affidavit during the custody proceeding, plaintiff could raise this issue on appeal. Likewise, since plaintiff does not face the threat of having to file another similar affidavit, there is no showing of irreparable harm. Therefore, plaintiff's claim for injunctive relief against defendant Glickman will be dismissed.

Several courts have held that where a plaintiff's complaint does not meet the requisite showing for injunctive relief against a judge, the complaint should be dismissed. For example, in *Scruggs v. Moellering,* 870 F.2d 376, 378 (7th Cir.1989), the Circuit Court held that an inmate who sued a state court judge alleging deliberate falsification of a transcript was not entitled to injunctive relief because he had an adequate remedy at law. The Court recognized that the inmate could challenge the judge's conduct in a post-conviction proceeding or in federal court in a habeas corpus proceeding. *Id.*

In *Affeldt v. Carr,* 628 F.Supp. 1097 (N.D.Ohio 1985), the court dismissed an action for damages, declaratory relief and injunctive relief against a United States magistrate judge based on alleged violations of the plaintiff's constitutional rights. The Court recognized that judges can be sued for injunctive relief under *Pulliam,* however the court found that the requirements for injunctive relief had not been satisfied. *Id.* at 1102. The court found that plaintiff had an adequate remedy at law since he could appeal the magistrate's decision. *Id.* at 1103. As an alternative, the court held that the plaintiff could have sought to have the magistrate disqualified. *Id.* Finally, the court held that the plaintiff had not shown an irreparable harm or injury and that the greater injury would "be caused to the administration of justice and the ability of the magistrate to perform his duties" if the court were to grant the declaratory and injunctive relief sought. *Id.* Thus, the court held that injunctive relief against the magistrate was not available.

Similarly, in *Mullis v. U.S. Bankruptcy Court for District of Nevada,* 828 F.2d 1385 (9th Cir.1987), *cert. denied,* 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988), the court dismissed plaintiff's claims for damages and injunctive relief against a bankruptcy judge under 28 U.S.C. §§ 2201 and 2202. The plaintiff sought an order declaring that the judge had violated his constitutional rights during the bankruptcy proceedings and an injunction ordering the dismissal of the bankruptcy case and prohibiting the enforcement of any orders or judgments entered during the proceedings. *Id.* at 1391. The district court held that the doctrine of judicial immunity barred plaintiff's claims for both declaratory and injunctive relief. *Id.* The Ninth Circuit affirmed, finding that the bankruptcy litigant had an adequate remedy at law because he could (1) appeal the bankruptcy judge's opinion to the district court; (2) seek a writ under 28 U.S.C. § 1651; (3) move to withdraw the reference to the bankruptcy court; or (4) move to disqualify the bankruptcy judge. *Id.* at 1392.

 Assuming arguendo that defendant Glickman acted pursuant to a state law when he required the plaintiff—but not his wife—to file an affidavit during the custody proceeding, plaintiff cannot challenge the constitutionality of such a law by seeking injunctive relief against defendant Glickman. Several Circuit Courts have held that when a plaintiff seeks to challenge the constitutionality of a state statute it is not proper to file a section 1983 action against the judge or judges who enforce the statute. As the First Circuit held: "§ 1983 does not provide relief against judges acting purely in their judicial capacity, any more than, say, a typical state's libel law imposes liability on a postal carrier or telephone company for simply conveying a libelous message." *In re Justices of the Supreme Court of Puerto Rico,* 695 F.2d 17, 22 (1st Cir.1982). *See also, R.W.T. v. Dalton,* 712 F.2d 1225 (8th Cir.), *cert. denied,* 464 U.S. 1009, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983); *Heimbach v. Village of Lyons,* 597 F.2d 344 (2d Cir.1979).

As a result, plaintiff's claims for injunctive relief against the defendant judges are not valid. Because this Court today holds that plaintiff's claims for damages and injunctive relief against the defendant judges are barred under the doctrine of judicial immunity, it will dismiss these defendants from this litigation.

## III. Claims Against the State of New Jersey

### A. Claims for Damages

 Plaintiff's claims for damages against the State of New Jersey are barred by the Eleventh Amendment to the United

States Constitution. Plaintiff is a citizen of New Jersey. The Eleventh Amendment has been construed to preclude lawsuits in federal court against a state by its own citizens. *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974); *Missouri v. Fiske,* 290 U.S.. 18, 28, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933); *Hans v. Louisiana,* 134 U.S. 1, 15, 10 S.Ct. 504, 507, 33 L.Ed. 842 (1890). In *Hans,* the Supreme Court held that a suit against an unconsenting state, even when brought by a citizen of that state, was "unknown to the law ... [and] not contemplated by the Constitution when establishing the judicial power of the United States." *Id.*

■ Although sovereign immunity may be waived, the Supreme Court has consistently held that such a waiver must be unequivocally expressed. *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Absent a clear expression of waiver a state may not be sued in federal court. *Edelman v. Jordan,* 415 U.S. at 673, 94 S.Ct. at 1361.

In this case, the State of New Jersey never waived its sovereign immunity. Therefore, plaintiff's claim for damages against the State of New Jersey is barred by the Eleventh Amendment.

### B. Claims for Injunctive Relief

■ Plaintiff's claim for injunctive relief against the State of New Jersey also is barred by the Eleventh Amendment. In *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978), the Supreme Court held that a prison inmate could not sue the State of Alabama or the Alabama Board of Corrections under 42 U.S.C. § 1983. The Supreme Court held that the state was immune from injunctive relief under the Eleventh Amendment, unless the state consented to be sued. *Id. See also Cory v. White,* 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982). The Third Circuit extended the holding in *Alabama v. Pugh,* to bar all actions seeking injunctive relief against the State of New Jersey in *Spicer v. Hilton,* 618 F.2d 232. In *Spicer,* a prison inmate brought an action for injunctive relief directly under the Fourteenth Amendment against the State of New Jersey for failure to provide him with medical care. The Third Circuit held: "[W]ere the requested relief of specialized medical care directed to appropriate state officials, rather than the state *eo nomine,* the district court would be free to entertain it." *Id.* at 237. Thus, the Third Circuit held that district courts cannot entertain claims for injunctive relief against the State of New Jersey. *Id.*

Because the Court holds that plaintiff's claims for damages and injunctive relief are barred by the Eleventh Amendment, it will dismiss the State of New Jersey from this litigation.

### IV. Superior Court of New Jersey

■ The issue of whether the New Jersey Superior Court is protected by the state's sovereign immunity is an issue of first impression in this Circuit. The few courts that have considered the status of state courts vis-a-vis the Eleventh Amendment have found that state courts are "arms" of the state entitled to share in the state's sovereign immunity. *Greater Los Angeles Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103 (9th Cir.1987); *Harris v. Missouri Court of Appeals,* 787 F.2d 427 (8th Cir.), *cert. denied,* 479 U.S. 851, 107 S.Ct. 179, 93 L.Ed.2d 114 (1986); *Monroe v. Horwitch,* 820 F.Supp. 682 (D.Conn.1993), *aff'd without op.,* 19 F.3d 9 (2d Cir.1994); *Shoultes v. Szekely,* 654 F.Supp. 966 (W.D.Mich.1987); *Robbins v. Robb,* 638 F.Supp. 1320 (D.Mont.1986); *N.A.A.C.P. v. State of California,* 511 F.Supp. 1244 (E.D.Calif.1981), *aff'd,* 711 F.2d 121 (9th Cir.1983).

In *N.A.A.C.P. v. State of California,* the district court held: "[I]t seems clear that the judicial branch is an integral part of that unit which is referred to as the sovereign state." *Id.* at 1257. The court added: "The fact that the defendant courts are the courts of entry into the state judicial system, rather than the courts of last resort, does not make them any less an integral part of the judicial branch of the State of California." *Id.*

This Court finds that the New Jersey Superior Court is an "arm" of the state entitled to share in the state's sovereign immunity. The Court finds that judicial branch is an

integral part of the State of New Jersey. The fact that the New Jersey Superior Court is a trial court and not a court of last resort does not make it any less an integral part of the State. Therefore, this Court holds that plaintiff's claim for damages against the New Jersey Superior Court is barred by the Eleventh Amendment. As a result, this Court will dismiss the New Jersey Superior Court from this litigation.[8]

## IV. Administrative Office of the Courts

The next issue that must be addressed is whether the Administrative Office of the Courts can cloak itself in the state's sovereign immunity. "A state agency is entitled to immunity from suit in federal court under the eleventh amendment when a judgment against it 'would have had essentially the same practical consequences as a judgment against the State itself.'" *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 658 (3d Cir.), *cert. denied,* 493 U.S. 850, 110 S.Ct. 148, 107 L.Ed.2d 107 (1989) (quoting *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 401, 99 S.Ct. 1171, 1177, 59 L.Ed.2d 401 (1979). *See also, Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945) ("When the action is in essence one for recovery of money from the state, the state is the real substantial party in interest and is entitled to invoke its sovereign immunity from suit."); *Florida Dept. of Health and Rehabilitative Services v. Florida Nursing Home Assn.*, 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981).

The issue of whether the Administrative Office of the Courts is an agency of the State of New Jersey entitled to cloak itself in the state's sovereign immunity is also an issue of first impression. In deciding whether a state agency is immune from suit, the most significant factor is whether or not any damage award against the agency would be paid from the state's coffers. *Hess v.*

*Port Authority Trans–Hudson Corp.,* —— U.S. ——, ——, 115 S.Ct. 394, ——, 130 L.Ed.2d 245 (1994); *Fitchik,* 873 F.2d at 658; *Ramada Inns, Inc. v. Rosemount Memorial Park Ass'n,* 598 F.2d 1303 (3d Cir.1979); *Urbano v. Board of Managers,* 415 F.2d 247 (3d Cir.1969), *cert. denied,* 397 U.S. 948, 90 S.Ct. 967, 25 L.Ed.2d 129 (1970).

The United States Supreme Court recently held that the focus of the inquiry in an Eleventh Amendment analysis is on whether the state's coffers will be impacted. In *Hess,* Justice Ginsburg wrote for the majority: "Courts of Appeals have recognized the vulnerability of the State's purse as the most salient factor in Eleventh Amendment determinations." —— U.S. at ——, 115 S.Ct. at 404. In this case, the court held that the Port Authority Trans–Hudson Corp. was not protected by the State's sovereign immunity.

In *Fitchik,* the Third Circuit held that the New Jersey Transit Authority was not protected by the State's sovereign immunity. The Court placed heavy emphasis on the fact that the Transit Authority had it own funds and insurance with which to pay any damage award. 873 F.2d at 659–63.

Similarly, in *Ramada Inns,* the Court found that the New Jersey Cemetery Board was not immune because the lawsuit did not seek any funds from the State treasury. 598 F.2d at 1306. In this case, the plaintiff merely sought to void a contract with New Jersey Cemetery Board. *Id.* at 1307.

The Third Circuit has never examined the immunity of an arm of the state judiciary such as the Administrative Office of the Courts. However, the few courts that have examined agencies related to the state judiciary have consistently found these agencies are immune from suit under the Eleventh Amendment. For example, in *Mattas v. Supreme Court of Pennsylvania,* 576 F.Supp. 1178, 1182 (W.D.Pa.1983), the court held that the Office of Disciplinary Counsel was immune from suit under the Eleventh Amendment. In *Hendrix v. Indiana State Public Defender System,* 581 F.Supp. 31, 32

---

**8.** This Court notes that there is no allegation in the plaintiff's complaint that can be construed as seeking injunctive relief against the New Jersey Superior Court. However, such a claim also would be barred by the Eleventh Amendment.

In *Cory v. White,* 457 U.S. 85; 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982) the Supreme Court held that the Eleventh Amendment bars claims against state agencies for injunctive relief.

(N.D.Ind.1984), the court held that the Indiana Public Defender System was immune from suit·under the Eleventh Amendment. Similarly, courts have held that state bar associations are immune from suit under the Eleventh Amendment. *Lewis v. Louisiana State Bar Ass'n,* 792 F.2d 493 (5th Cir. 1986); *Lupert v. California State Bar,* 761 F.2d 1325 (9th Cir.), *cert. denied,* 474 U.S. 916, 106 S.Ct. 241, 88 L.Ed.2d 251 (1985).

In the instant case, the Court finds that the Administrative Office of the Courts can cloak itself in the state's sovereign immunity under the Eleventh Amendment. First, the Court finds that the Administrative Office of the Court is a state agency. N.J.S.A. 2A:12–1 specifically states: "There shall be a *State office* to be known as the Administrative Office of the Courts ..." (Emphasis added). Second, the Court finds that since the Administrative Office of the Court is a "State office" any damage award against the Administrative Office of the Courts would have to be paid out of the State's treasury.

Because this Court finds that plaintiff's claims for damages against the Administrative Office of the Courts are barred by the Eleventh Amendment, the Court will dismiss the Administrative Office of the Courts from this litigation.[9]

## CONCLUSION

For ·the foregoing reasons, plaintiff's claims .against State of New Jersey, the Superior ·Court of New Jersey, the Administrative Office of the Courts, Hon. Herbert S. Glickman, J.S.C., Honorable Katherine G. Hayden, J.S.C., Honorable Stephen Skillman, J.A.D. and Honorable Charles E. Villanueva, J.A.D, are dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

An appropriate order is attached.

---

9. This Court notes that there is no allegation in the plaintiff's complaint that can be construed as seeking injunctive relief against the Administrative Office of the Courts. However, such a claim also would be barred by the Eleventh Amendment. In *Cory v. White,* 457 U.S. 85, 102 S.Ct. 2325, 72.L.Ed.2d 694 (1982) the Supreme Court held that the Eleventh Amendment bars claims against state agencies for injunctive relief.