

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-5-2007

# Ray v. State of NJ

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1521

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ray v. State of NJ" (2007). *2007 Decisions.* Paper 1530.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1530

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1521
_____

MICHAEL R. RAY,

Appellant

v.

STATE OF NEW JERSEY; COUNTY OF ATLANTIC; SUPERIOR COURT OF NEW
JERSEY; PETER C. HARVEY, Attorney General, State of New Jersey; KERRY L.
MENCHEN, Deputy Attorney General, State of New Jersey; LOUIS M. BARBONE,
Esq.; GRAND JURY PROCEEDINGS EMPANELED FEBRUARY 23, 2005, Atlantic
County, New Jersey

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-3508 )
District Judge: Honorable Robert B. Kugler

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
February 8, 2007

BEFORE: BARRY, AMBRO and FISHER, Circuit Judges

(Filed:  March 5, 2007)
_____

OPINION
_____

PER CURIAM

Michael R. Ray, proceeding pro se and in forma pauperis, appeals the dismissal of

his civil rights complaint. For the following reasons, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Ray is a prisoner at the Federal Correctional Institution at Estill, South Carolina, serving a seventy-month sentence imposed following a federal fraud conviction. In 2005, Ray filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of New Jersey alleging that his federal rights were violated by the unauthorized dissemination and use of a Presentence Investigation Report, which was compiled pursuant to Ray's federal conviction. Ray alleges that his court-appointed counsel in the federal prosecution sent the report to Louis Barbone, a New Jersey attorney representing Ray in matters arising from a state theft charge. Ray claims that Barbone then forwarded the report to New Jersey Deputy Attorney General Kerry Menchen,[1] who allegedly used information contained in the document to further an additional criminal investigation against Ray. This investigation yielded evidence that Ray perpetrated a fraud upon the court after pleading guilty to the theft charge in 2002. In 2005, a grand jury in Atlantic County, New Jersey indicted Ray on charges of bail jumping, forgery, and falsifying records. These charges were pending at the time Ray filed his federal complaint.

The complaint names Menchen and Barbone as defendants, along with the State of New Jersey; Atlantic County, New Jersey; the Superior Court of New Jersey; Peter C.

---

[1] It appears from the exhibits attached to the complaint that Barbone was in the process of negotiating an amended plea agreement relating to the theft charge and that the report was transmitted as part of the negotiation.

2

Harvey, Attorney General, State of New Jersey; and the grand jury panel that issued the 2005 indictment. Ray seeks monetary relief from Menchen, Barbone, and Harvey, and an injunction ordering dismissal of the 2005 indictment. The United States District Court for the District of New Jersey dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and § 1915A(b)(1)-(2) after concluding that all of Ray's claims were legally barred. Because Ray is proceeding in forma pauperis, we will dismiss the appeal if it lacks an arguable legal or factual basis. See 28 U.S.C. § 1915(e)(2)(B); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We agree with the District Court that Ray has failed to state a claim under § 1983 against Atlantic County and Harvey. The complaint does not allege that either of these parties had any direct involvement in the alleged wrongdoing. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). The claims against these parties fail to the extent that Ray alleges they should be held liable based on their supervisory roles. See id. at 1207-08. Ray also cannot state a claim against the Superior Court of New Jersey because that party is not a "person" subject to liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989); Johnson v. State of New Jersey, 869 F. Supp. 289, 296-97 (D.N.J. 1994). Moreover, the Eleventh Amendment bars Ray from obtaining relief against this party. See Cory v. White, 457 U.S. 85, 91 (1982).

Next, we agree with the District Court that the doctrine of absolute prosecutorial immunity shields Menchen from liability for damages under § 1983. The doctrine protects an official acting in a prosecutorial capacity from liability for acts committed

3

while "initiating and pursuing a criminal prosecution and presenting the state's case in court." Hughes v. Long, 242 F.3d 121, 125 (3d Cir. 2001) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); see also Bernard v. County of Suffolk, 356 F.3d 495, 505 (2d Cir. 2004) (holding that county prosecutor was immune for pre-indictment conduct, including presentation of evidence to grand jury). Menchen is entitled to this defense because Ray's claims against her are solely based on her use of the contents of the report in court proceedings antedating the 2005 indictment. The complaint does not allege that Menchen disseminated the information while acting in a non-prosecutorial capacity. See Yarris v. County of Delaware, 465 F.3d 129, 135-36 (3d Cir. 2006) (noting that immunity does not apply if prosecutor committed misconduct while acting as an administrator or investigator). We also note that the grand jurors are entitled to absolute immunity. See United States v. Navarro-Vargas, 408 F.3d 1184, 1201 (9th Cir. 2005).

Ray is also unable to state a claim under § 1983 against Barbone because he was not acting under color of law at any time. See Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). Although the complaint is unclear as to whether Barbone was privately retained or appointed by the court, this distinction is irrelevant for the purpose of determining whether he is a proper party to this action. A privately retained attorney does not act under color of law for purposes of § 1983. See Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980). Nor does a public defender act under color of law "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

4

Furthermore, we note that Ray has requested an inappropriate form of injunctive relief.  We agree with the District Court that <u>Younger v. Harris</u>, 401 U.S. 37 (1971), bars a federal court from ordering dismissal of the challenged indictment.  <u>See</u> <u>also</u> <u>Juidice v. Vail</u>, 430 U.S. 327, 335-36 (1977).  If a conviction has taken place in the interim, Ray must challenge it in state court before collaterally attacking it in federal court.  <u>See</u> 28 U.S.C. § 2254; <u>Leamer v. Fauver</u>, 288 F.3d 532, 542 (3d Cir. 2002).

Because Ray's detailed complaint alleges misconduct committed by parties not amenable to suit under § 1983 and seeks monetary and injunctive remedies that are legally barred, the District Court did not err in dismissing the complaint without giving Ray an opportunity to amend.  <u>See</u> <u>Shane v. Fauver</u>, 213 F.3d 113, 117 (3d Cir. 2000) (noting that leave to amend may be denied on futility grounds).  For the foregoing reasons, we conclude the appeal is meritless and we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).