OPINION
PER CURIAM.
Cholo Dongon appeals pro se from a District Court order dismissing his action. For substantially the same reasons, we will affirm.
In October 2008, Dongon filed a complaint in which he moved for damages and a protective order against various courts and judges in the state of New Jersey, who he believed had denied him due process of law and committed fraud against him. Dongon’s claims stem from an underlying family matter in which the state court imposed and affirmed a child support obligation on him as a New Jersey resident. Dongon argued that the actions taken by the state courts and judges violated his ■ constitutional rights, were without jurisdiction, and requested that the federal court intervene. He also named Donna Bañar, a private citizen, in his suit.
Appellees filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and argued that Dongon’s complaint revealed no allegations of fact or legal theory that would support any of the claims asserted against the defendants. The District Court agreed, finding that Dongon’s claims for rulings issued by judges and courts in underlying family matters in state court were barred by absolute judicial immunity, quasi-judicial immunity, and Eleventh Amendment immunity.[1] In addition, the District Court ruled that because one defendant is a private citizen and not a state actor, she cannot be subject to liability under 42 U.S.C. § 1983. Dongon timely appealed.
We have jurisdiction under 28 U.S.C. § 1291. We will summarily affirm if Don-gon’s appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6. Our review is plenary. See Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 519 (3d Cir.2007). Dismissal is proper if a party fails to allege sufficient factual matter, which if accepted as true, could “state a claim to relief that is plausible on its face.” Ashcroft v. Iqbal, -— U.S. -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
Dongon’s action was properly dismissed because he cannot receive the relief he requests. He cannot sustain a claim against Judges Mantineo, Lisboa, and Lisa because judges are entitled to absolute immunity from liability based on actions taken in their official judicial capacity. Briscoe v. LaHue, 460 U.S. 325, 334, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) (citing Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)); Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Dongon’s allegations that these judges committed “willful fraud” are unsupported, and his disagreement with the judges’ rulings do not provide a basis for relief.
Similarly, Dongon’s claims against New Jersey Family Support Divi *156 sion; the Superior Court of New Jersey; New Jersey Administrative Office of Courts; and the Superior Court of New Jersey, Appellate Division were properly dismissed. Dongon does not allege any specific action by these entities. Even if he did, any actions taken by those charged with the responsibility of carrying out a court’s order would be barred by the doctrine of absolute quasi-judicial immunity. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir.2000). Alternatively, the state courts, its employees, and the judges are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the state of New Jersey, and therefore considered “arms” of the state. See Johnson v. State of N.J., 869 F.Supp. 289, 296-98 (D.N.J.1994).
Moreover, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a “person” acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Neither the named judges nor the courts or its employees are “persons” subject to liability under § 1983. See Will v. Mich. Dep’t of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The remaining defendant, Donna Bañar, is a private citizen and not a state actor, and therefore cannot be subject to liability under § 1983. We also conclude that Dongon’s general allegations that his constitutional rights were violated fail to state a claim for relief. To the extent that errors of state law have occurred, even if true, these claims do not amount to a denial of due process warranting federal court intervention. See Gryger v. Burke, 334 U.S. 728, 731, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948); Engle v. Isaac, 456 U.S. 107, 121 & n. 21, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).
Although the District Court did not address whether Dongon’s complaint can be construed as a request for injunctive relief, even if it were, the Younger abstention doctrine applies. The Supreme Court has articulated a longstanding public policy against federal court interference with state court proceedings and instructs federal courts to refrain from taking any action in cases where the federal plaintiff has or had adequate redress in state proceedings. Younger v. Harris, 401 U.S. 37, 43, 91 S.Ct. 746, 27 L.Ed.2d 669(1971). Because it appears that state court proceedings are pending or ongoing in Dongon’s child support matter, it would be inappropriate for this Court to interfere with the state’s interest in administering its own family court. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir.2006).
Accordingly, because dismissal was proper and because the appeal presents no substantial question, we will summarily affirm the District Court judgment. Appellant’s remaining motions are denied as moot.

. The District Court did not address Appel-lees' argument that Dongon’s complaint is barred by the Rooker-Feldman doctrine and because of the domestic relations exception to federal jurisdiction.