**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3557
_____

SAM KAWALL,
                    Appellant

v.

STATE OF NEW JERSEY; SUPERIOR COURT OF NEW JERSEY, Chancery
Division, Family Part, New Brunswick, NJ; INDRA WATTIE RAMLAKAN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-15-cv-06973)
District Judge:  Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2017

Before:  AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 2, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Sam Kawall appeals the District Court's orders denying entry of

default and dismissing his complaint.  For the reasons set forth below, we will affirm the

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District Court's judgment.

Kawall filed an action in the District Court challenging orders that a New Jersey family court had issued in his domestic-relations action. In short, Kawall alleged that Indra Ramlakan had convinced the family court that she and Kawall had been married and thus induced the court to award her marital assets, including Kawall's trucking businesses, as part of their divorce. Kawall contends that the two were never actually married and that the state court orders were all erroneous. He alleged that his constitutional rights had been violated and asked the District Court to set aside the state court orders and order the return of the businesses to him. He named as defendants the State of New Jersey, the state courts, and Ramlakan.

Kawall moved for entry of default against Ramlakan because she did not timely respond to his complaint. The Clerk refused to enter default on the ground that, while Kawall had served the summons on Ramlakan, he had not served the complaint. The other defendants moved to dismiss the action, and the District Court granted the motion. The Court concluded that the claims against New Jersey and its courts were barred by the Eleventh Amendment and that all claims were barred by the Rooker-Feldman doctrine. See D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). Kawall filed a motion for reconsideration and a motion "to amend his moving papers," and the District Court denied both motions. Kawall then filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the denial of Kawall's motion for entry of default, see Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 886 (9th Cir. 2001), and exercise plenary review over the dismissal order, see Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010).

We agree with the District Court's disposition of this case. First, there was no error in the denial of entry of default. Default may be properly entered only against a party who has been properly served. See United States v. One Toshiba Color Television, 213 F.3d 147, 156 (3d Cir. 2000); see also 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2682 (3d ed. 2016). Before Kawall sought entry of default, he had served only the summons, and not the complaint, as required by Fed. R. Civ. P. 4(c)(1), on Ramlakan.[1] See D.C. dkt. #15 (affidavit of service); Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam); Lampe v. Xouth, Inc., 952 F.2d 697, 700-01 (3d Cir. 1991). Therefore, the Clerk was correct to refuse to enter default. See Feb. 24, 2016 Electronic Order.

Nor did the District Court err in granting the motion to dismiss. The Rooker-Feldman doctrine deprives federal courts of subject-matter jurisdiction over claims when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused

[1] Moreover, as we discuss below, Kawall's claims face clear legal bars, which would have provided cause for the District Court to refuse to enter a default judgment. See Chamberlain, 210 F.3d at 164.

3

by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co., 615 F.3d at 166 (alterations omitted) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

While this doctrine is "narrow," id. at 169, it encompasses most of Kawall's claims. After holding seven days of hearings, the New Jersey family court concluded that Kawall and Ramlakan had, in fact, entered into a valid marriage, and distributed the parties' assets and entered a divorce decree. The Appellate Division of the Superior Court affirmed. Thus, Kawall unquestionably lost in state court. Further, his claims allege injury caused by the property-distribution order. That order preceded his federal action. Finally, he explicitly asked the District Court to overrule the state-court order. See, e.g., D.C. dkt. #27 at 10 ("This Court is empowered to review the decision of the New Jersey Appellate Court in this matter."). Accordingly, Kawall's claims are, in large part, barred by the Rooker-Feldman doctrine. See Great W. Mining & Mineral Co., 615 F.3d at 166-67.

It may be that Kawall is also asserting some independent injury caused by Ramlakan's conduct during the domestic-relations proceedings. See id. at 168-71. However, New Jersey and its courts are protected from liability under the Eleventh Amendment. See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005); Johnson v. State of New Jersey, 869 F. Supp. 289, 296-97 (D.N.J. 1994). While it is not entirely clear, it appears that Kawall is seeking to proceed under 42 U.S.C. § 1983, and

4

§ 1983 does not abrogate New Jersey's immunity. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979). Further, New Jersey has neither consented to suit nor waived its Eleventh Amendment immunity here. While this immunity does not extend to Ramlakan, she is not a state actor for purposes of § 1983, see Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009), or otherwise subject to liability under that statute, see Great W. Mining & Mineral Co., 615 F.3d at 175-76, and Kawall has provided no other grounds for maintaining a claim against her in federal court.[2]

Accordingly, we will affirm the District Court's judgment.[3]

---

[2] It does not appear that Kawall seeks to challenge the denial of his post-judgment motions. In any case, whether viewed as arising under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure, the District Court correctly denied the motions because Kawall merely reiterated arguments that the Court had already properly rejected. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam); Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 911-12 (3d Cir. 1977).

[3] Kawall's motion for an extension of time to file a reply brief is granted. We have considered his reply brief.