# UNITED STATES COURT OF APPEALS

<u>Filed 6/28/96</u>TENTH CIRCUIT

CHRIS A. BROWNFIELD,

      Petitioner-Appellant,

v.

ROBERT D. HANNIGAN, Warden, and
THE STATE OF KANSAS,

      Respondents-Appellees.

Case No. 96-3026

(D.C. 94-CV-3489)
(District of Kansas)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Petitioner-Appellant Chris A. Brownfield, a prisoner in the Kansas state correctional system, petitioned, in forma pauperis,[1] the United States District Court for the District of Kansas for a writ of habeas corpus under 28 U.S.C. § 2254.  The petition attacked the validity of a plea agreement he entered with the State of Kansas.  The district

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]      We hereby grant Mr. Brownfield's motion for leave to proceed in forma pauperis.

court denied Mr. Brownfield's petition by Order dated January 3, 1996. Pursuant to 28 U.S.C. § 2253 and Rule 22(b) of the Federal Rules of Appellate Procedure, Mr. Brownfield applied to the district court for a certificate of probable cause to appeal the denial of his petition. The district court denied his application for a certificate of probable cause. Mr. Brownfield now applies to this court for a certificate of probable cause and appeals the denial of his petition for a writ of habeas corpus. For substantially the same reasons set forth in the district court's January 3, 1996, Order, and because Mr. Brownfield fails to make a substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings, see Barefoot v. Estelle, 463 U.S. 880 (1983), we deny Mr. Brownfield's application for a certificate of probable cause.[2]

Mr. Brownfield contends that the state of Kansas has failed to fulfill its obligations under a plea agreement in violation of his Fourteenth Amendment right to due process. Mr. Brownfield also argues that his attorney's ineffective assistance prevented him from entering a knowing and voluntary plea. Pursuant to the plea agreement, Mr. Brownfield entered a plea of guilty to charges of murder and aggravated battery, in violation of Kan. Stat. Ann. §§ 21-3401, 21-3205, 21-3414, and the State of Kansas dropped three other

---

[2] After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

2

charges. At issue in this action is the State of Kansas' promise during sentencing that it "would not oppose the two sentences on the murder and the Aggravated Battery running concurrently, and those two Kansas cases run [sic] concurrently with [a previously imposed sentence in] Oklahoma." Aplt's Br. Ex. B at 8. Mr. Brownfield argues unpersuasively that he was "lured" into accepting the plea agreement by the promise that Oklahoma would accept him as a prisoner thereby allowing his Kansas sentence to run concurrently with his previously imposed Oklahoma sentence. The record reflects that the trial court judge clearly advised the petitioner that he had no control over the Oklahoma courts: "I would really have no control over whether or not the State of Oklahoma may come and pick you up or decide to wait." Aplt's Br. Ex. B at 17. Should Oklahoma at a later time decide to accept Mr. Brownfield, he may utilize this portion of his plea agreement.

Because Mr. Brownfield has failed to make a substantial showing that he was denied either due process or the effective assistance of counsel, his petition for a

certificate of probable cause is DENIED, and the appeal is DISMISSED.[3]

---

[3] We note that on April 24, 1996, while this case was pending on appeal, the President signed into law the "Antiterrorism and Effective Death Penalty Act of 1996," Pub. L. No. 104-132, 110 Stat. 1214 (the "Act"). Pursuant to the Act, 28 U.S.C. § 2253 has been amended to require a "certificate of appealability" issued "only if the applicant has made a

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

---

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). However, because this standard is at least as stringent as that previously applied by this court for a certificate of probable cause under Barefoot, we need not decide in this case to what extent the amendments to federal habeas corpus review in the Act apply to petitions pending when the Act was signed into law. Our conclusion that Mr. Brownfield's application for a certificate of probable cause is deficient necessarily forecloses the possibility of a certificate of appealability.