**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 30 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRIS ALLEN BROWNFIELD,

      Plaintiff-Appellant,

v.

CARLA J. STOVALL, Kansas State
Attorney; LYNN FIELDS, Retired
Crawford County Sheriff; SANDY
HORPON, Acting Crawford County
Sheriff; DONALD R. NOLAND,
Kansas Attorney at Law, in their
official and individual capacities,

      Defendants-Appellees.

No. 03-3099
(D.C. No. 02-CV-3205-GTV)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Chris Brownfield, a Kansas state prisoner proceeding *pro se*, brought an

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

action under 42 U.S.C. § 1983, claiming a host of constitutional violations arising out of the state of Kansas' alleged failure to honor the terms of a plea agreement entered into with Mr. Brownfield. The district court dismissed Mr. Brownfield's action for failure to state a claim, and he appeals. We liberally construe Mr. Brownfield's pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and affirm.

Mr. Brownfield is currently incarcerated in Kansas, where he is serving a sentence imposed by the Kansas courts in 1986. His Kansas conviction and sentence were the result of crimes he committed there after he escaped from an Oklahoma prison where he was serving a twenty year sentence. In the Kansas proceeding, Mr. Brownfield entered into a plea agreement in which the state agreed not to oppose concurrent service of Mr. Brownfield's Kansas and Oklahoma sentences. During sentencing, however, the court made clear to Mr. Brownfield that any sentence it imposed would not bind the Oklahoma courts, and that it had no authority over what steps the state of Oklahoma might or might not take to reacquire Mr. Brownfield for completion of his Oklahoma sentence. Oklahoma authorities did submit a detainer to Kansas authorities for Mr. Brownfield's arrest and return to Oklahoma, but the record does not reflect that Oklahoma took any further action to obtain custody of Mr. Brownfield.

Our court previously rejected Mr. Brownfield's habeas corpus petition under 28 U.S.C. § 2254 in which he challenged the validity of his Kansas plea

agreement and sentence. *Brownfield v. Hannigan*, 1996 WL 364589 (10th Cir. June 28, 1996) (unpublished). Here, Mr. Brownfield again challenges the validity of his plea agreement and sentence, this time under section 1983, seeking damages and mandamus relief to effect his concurrent sentence. The district court dismissed Mr. Brownfield's action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, but granted his motion to proceed on appeal without payment of an initial partial filing fee, 28 U.S.C. § 1915(a), (b).[1] We review *de novo*. *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

The district court dismissed Mr. Brownfield's action on several grounds, all of which we find persuasive. First, the court correctly ruled that to the extent Mr. Brownfield was seeking to challenge the execution of his Kansas sentence, he needed to proceed on a petition for a writ of habeas corpus under 28 U.S.C. § 2241, after first exhausting available state court remedies. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); *Bradshaw v. Story*, 86 F.3d 164, 166-67 (10th Cir. 1996). Likewise, to the extent Mr. Brownfield sought to challenge the validity of his sentence based on new evidence which allegedly proved defendants conspired to mislead and defraud him about his return to Oklahoma to serve his sentences concurrently, such a claim should be raised in a writ for habeas corpus

---

[1]We remind Mr. Brownfield of his obligation to continue making partial payments of the appellate filing fee until the entire fee is paid.

under 28 U.S.C. § 2254, assuming Mr. Brownfield first receives permission from this court to file a successive § 2254 petition. *See* 28 U.S.C. § 2244(a)(b)(3)(A).

The district court also rejected Mr. Brownfield's claims that his rights were being violated under the Kansas Agreement on Detainers Act, KAN. STAT. ANN. § 22-4401, and the Uniform Criminal Extradition Act, KAN. STAT. ANN. § 22-2701, *et seq.* The Kansas Agreement on Detainers Act applies to "detainers based on untried indictments, informations or complaints." KAN. STAT. ANN. § 22-4401. Here, while the state of Oklahoma did issue a detainer for Mr. Brownfield, it was for his arrest and return as an escapee to resume the service of his Oklahoma sentence, not a detainer for any untried indictments, informations or complaints against him. Nor does Mr. Brownfield's reliance on KAN. STAT. ANN. § 21-4608(8) (Supp. 1985), support his argument that Kansas was required, pursuant to the Detainers Act, to relinquish him to Oklahoma so that he could serve his sentences concurrently in that state. Section 21-4608(8) speaks in permissive as opposed to mandatory terms regarding Kansas' obligation return a defendant sentenced in its state courts to the custody of another jurisdiction so that the defendant can serve his sentence in that jurisdiction concurrent with his Kansas sentence.

Similarly, the district court correctly determined the Kansas' Uniform Criminal Extradition Act, KAN. STAT. ANN. § 22-2701, *et seq.*, does not apply

here. Mr. Brownfield does not have a constitutional right to compel his return to Oklahoma by virtue of Kansas' extradition act. *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999) (defendant does not have constitutional right to compel own extradition). Mr. Brownfield has also failed to proffer any evidence that Oklahoma made an executive demand to the governor of Kansas for his return to Oklahoma, which is required by the statute. KAN. STAT. ANN. § 22-2702. *See also Ortega v. City of Kansas City, Kansas*, 875 F.2d 1497, 1499 (10th Cir. 1989) ("constitutional dimension of extradition exists only when demand is made by one jurisdiction for the surrender of a person in another jurisdiction"). Hence, the district court did not err in rejecting Mr. Brownfield's detainer and extradition act arguments.

Finally, the district court properly determined it was unable to provide Mr. Brownfield with the relief he seeks. The court could not give Mr. Brownfield mandamus relief, as it possesses no jurisdiction to order Kansas officials to release Mr. Brownfield to Oklahoma authorities. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff." (emphasis added)); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the

-5-

performance of their duties"). With respect to damages, absent a showing that Mr. Brownfield's continued Kansas confinement has been overturned by a state tribunal or executive order, or called into question by the issuance of a writ of habeas corpus, no colorable claim for damages under section 1983 can be stated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Accordingly, we **AFFIRM** the district court's dismissal of Mr. Brownfield's section 1983 action.[2]

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge

---

[2]In affirming the district court's dismissal, we note that this ruling counts as a "strike" under 28 U.S.C. § 1915(g). Furthermore, in light of our ruling, we do not address Mr. Brownfield's request for an *en banc* hearing.